[No. 3,969.]

JACKSON HART v. STEPHEN COOPER AND SAR-
SHEL COOPER.

PROOF OF COUNTER-CLAIM WITHOUT PLEADING IT.—If the payee of a prom-
issory note assigns it after it falls due, and the payor, without knowl-
edge of the assignment, and after it is made, has dealings with the payee,
in which they become mutually indebted to each other, and in an action
by the assignee, on the note, the payor proves as a set-off, the amount
the payee became indebted to him in said dealings, the assignee may
prove, as a counter-claim to the set-off, the amount in which the payor
became indebted to the payee, in said dealings, without pleading it.

PROOF OF A CROSS-DEMAND.—When there has been no opportunity to plead
a cross-demand, it may be proved without pleading it.

APPEAL from the District Court, Tenth Judicial District,
Colusa County.

April 3d, 1872, the defendants gave A. Mead their note
for $365.55, payable one day after date, with interest at
one and a half per cent. per month. On the 5th day of
April, 1872, Mead assigned the note to S. P. French, and
French, on the 24th day of February, 1873, assigned the
note to the plaintiff. Between the two assignments Mead
and the defendants had dealings together, and the amount
of the defendants' account, against Mead, was $235.30, while
Mead's account against them was $200. The defendants
had no notice of the assignments until after these dealings
had taken place. The defendants, in their answer, pleaded
their account against Mead as a set-off. On the trial, they
proved this set-off and rested. The plaintiff then offered
proof of Mead's account against the defendants — the $200.
The defendants objected, because this set-off had not been
pleaded. The Court overruled the objection, and admitted
the evidence, and gave judgment for the plaintiff, for the
amount of the note, less the $35.30, the difference between
the two accounts. The defendants appealed.

The other facts are stated in the opinion.

S. T. King, for Appellant, argued that the plaintiff's off-
set should not have been allowed, because it was not
pleaded.

*W. C. Belcher* and *W. F. Goad,* for Respondent.

The amount due to the defendants from Mead was the difference between the debits and credits of their account with him, and that was $35 88.

The objection of defendants—that evidence tending to show the debit side of their account with Mead was inadmissible because it had not been pleaded—was untenable. The plaintiff had no opportunity to plead it. It made no part of his cause of action, and would have been out of place in his complaint. The statute no longer allows a replication, but presumes a denial by the plaintiff of all the allegations of the answer. In this case the allegation of the answer in respect of the amount of offset to which the defendants were entitled were taken as denied by plaintiff, and defendants were put upon proof of the allegation. They offered the credit side of the account, and it was competent and proper for the plaintiff then to show the debit side, to enable the Court to determine the amount of offset to which they were equitably entitled.

By the COURT:

The action is upon a promissory note made by the defendants to one Mead. It appears from the bill of exceptions that, after the note was indorsed and transferred by Mead, but before the defendants had knowledge of that fact, Mead and the defendants had certain business dealings by which he became indebted to them in the sum of $235 80, and they to him in the sum of $200. The defendants pleaded their account as a set-off to the note, and when the plaintiff sought to introduce evidence to prove the indebtedness to Mead, and that there was really only a balance of $35 80 due from him, the defendants objected, on the ground that the evidence was irrelevant and incompetent, because the plaintiff had not pleaded this indebtedness. The Court overruled this objection and admitted the evidence, and this constitutes the only error assigned in the case.

There was no error in the ruling. The two demands were cross - demands, and must be deemed compensated, so far as they equaled each other. The plaintiff had no opportunity, and was, therefore, not required to plead the demand in favor of Mead.

Judgment and order affirmed.