# CASES DETERMINED

IN THE

# SUPREME COURT OF CALIFORNIA

BUT NOT

# OFFICIALLY REPORTED.

## VALLEY LUMBER COMPANY v. WOOD.

No. 18,056; June 3, 1893.

33 Pac. 343.

**Counterclaim.—In an Action for Goods Sold and Delivered,** the allegation of a counterclaim of $1,700 for 171,000 bricks sold and delivered by defendant to plaintiff, no part of which has been paid, states sufficient facts to support a judgment for defendant.

**Counterclaim.—In an Action to Which Defendant Pleaded** a counterclaim for brick alleged to have been delivered to plaintiff corporation, the evidence was undisputed that the bricks mentioned in the answer were to be used in a certain building in which plaintiff had no interest. The contractor for the erection of the building testified that he ordered the bricks from defendant, while defendant testified that they were ordered by a member of an agency who were managing agents for plaintiff corporation, but there was no evidence to connect plaintiff with this transaction through the agency. Held, that the evidence did not justify a verdict for defendant on the counterclaim.

APPEAL from Superior Court, Fresno County; M. K. Harris, Judge.

Action by the Valley Lumber Company, a corporation, against R. G. Wood. Defendant had judgment on a counterclaim, and plaintiff appeals. Reversed.

L. L. Cory for appellant; Hinds & Merriman and F. H. Short for respondent.

1                    (1)

VANCLIEF, C.—Action to recover $586.39 for goods sold and delivered. The complaint is in two counts—the first for $503.19 for goods sold and delivered by plaintiff; and the second for $83.20 on account of goods sold and delivered to defendant by Prescott & Pierce, copartners, assigned to plaintiff. The defendant made no denial of the first count, but denied that he was indebted to Prescott & Pierce in any sum exceeding $81.20; and further denied the alleged assignment by Prescott & Pierce to plaintiff. In addition to these denials, the defendant alleged, in substance, the following affirmative matters: (1) A counterclaim of $1,710 to the first count, for 171,000 bricks alleged to have been sold and delivered by defendant to the plaintiff in May, 1889, no part of which has been paid. (2) A counterclaim to the second count for 171,-000 bricks, of the value of $1,710, alleged to have been sold and delivered by defendant to Prescott & Pierce in May, 1889, no part of which has been paid. (3) "And for a third and separate answer and defense to both alleged causes of action, and by way of counterclaim and cross-complaint, defendant alleges" that in May, 1889, he sold and delivered to Prescott & Pierce 171,000 bricks, of the value of $1,710; and that in making the purchase of said bricks Prescott & Pierce were acting as agents of plaintiff, and made the purchase for the benefit of plaintiff, as defendant has since been informed and believes, though he had no knowledge of such agency at the time of the transaction. He therefore avers that Prescott & Pierce are necessary parties to the action, and prays for judgment against the plaintiff for $1,710 and such further relief, etc. (4) "For a further and separate answer and defense, and by way of counterclaim and for a cross-complaint herein, defendant alleges" that in May, 1889, he sold, delivered, and furnished to Prescott & Pierce 171,000 bricks, of the value of $1,710, at their instance and request; and further avers that he is informed and believes the plaintiff was jointly interested in the transaction by which said bricks were sold as aforesaid, and interested in the profits of such transaction, if any there were; but at the time of the transaction defendant did not know that plaintiff was interested with Prescott & Pierce in the purchase; "wherefore defendant prays that said Prescott & Pierce be made parties hereto, and be duly cited to appear and to answer the cross-

complaint herein''; and further prays for a joint judgment against Prescott & Pierce and the plaintiff for the sum of $1,710 and costs, and such further relief, etc. There was no demurrer to any of these answers, and no motion to strike out, nor to require defendant to elect upon which of the inconsistent answers he would rely at the trial. The plaintiff answered the so-called ''cross-complaints'' by denying all the allegations thereof. All the pleadings were verified. The cause was tried by a jury, whose verdict was in favor of the defendant for the sum of $1,123.61, upon which judgment was rendered against the plaintiff. The plaintiff appeals from the judgment and from an order denying its motion for a new trial.

1. Appellant contends that none of the affirmative answers of the defendant states facts sufficient to constitute either a counterclaim or cross-complaint, and that the judgment should be reversed for this reason. While it is clear that the facts stated do not constitute a cross-complaint, I think the first plea states the substance of a valid counterclaim to the first count of the complaint, which, if proved, would have supported the verdict, since it exceeds the amount of both counts of the complaint by $1,123.61, which is just equal to the verdict. The record shows no ground upon which the apparent inconsistencies of the defenses can be considered here: Buhne v. Corbett, 43 Cal. 264; Uridias v. Morrell, 25 Cal. 31.

It is further contended that the evidence does not justify the verdict, in that it does not tend to prove that defendant ever sold or delivered any bricks to the plaintiff through the agency of Prescott & Pierce or otherwise; and it seems clear that this point should be sustained. It appears without controversy that all the bricks mentioned in the answers were to be used in the erection of a building known as the ''Chamber of Commerce Building,'' owned by a stock company, in which the plaintiff was not interested; that one Joe Smith was the contractor for the erection of the building; that the bricks were delivered by defendant at the site of that building, and were used by the contractor in the erection of the building; that the company owning the building (the Chamber of Commerce Association) failed before the building was completed, having mortgaged the building for more than its value; that the work on the building was abandoned by the contractor;

and that the building has not been completed. There is also undisputed testimony that the filing of liens by the contractor and materialmen would have been useless, because of the prior mortgage for more than the value of the property. It appears that Prescott & Pierce were copartners, principally engaged in dealing in grain, and that they were also managing agents for the plaintiff corporation, which had furnished lumber and lime used in the construction of the building of the value of $1,500 to $1,600, for which it had not been paid. It also appears that the 171,000 bricks mentioned in the different answers were the same that were used in the Chamber of Commerce Building, and that defendant delivered no other bricks. The contractor, Joe Smith, testified that he ordered the bricks from defendant; but the defendant flatly contradicted this, and testified that Prescott alone ordered the bricks. Prescott testified positively that he neither individually nor as agent for the plaintiff ever ordered the bricks, or promised to pay for them; and there is no testimony or circumstance to connect the plaintiff with the transaction through any agency. The testimony of the defendant tended to prove only that he sold the bricks to Prescott, or to Prescott & Pierce. I think the order and judgment should be reversed, and a new trial granted.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and a new trial granted.