[Sac. No. 509.   Department One.—October 12, 1899.]

. J. E. FREEMAN, Respondent, v. F. J. SEITZ, Appellant.

COUNTERCLAIM LESS THAN THREE HUNDRED DOLLARS—JURISDICTION OF SUPERIOR COURT—DEFENSE—COMPENSATION OF CROSS-DEMANDS.— In an action arising upon contract of which the superior court has jurisdiction, though it has no jurisdiction, if the plaintiff's cause of action is defeated, to render an affirmative judgment in favor of the defendant upon a counterclaim upon another contract for less than three hundred dollars, yet it has jurisdiction, if plaintiff's cause of action is sustained, to allow such a counterclaim by way of partial defense, and as matter of compensation and extinguishment of the cross-demands between plaintiff and defendant, so far as they equal each other, under section 440 of the Code of Civil Procedure.

ID.—ANSWER, HOW TREATED.—The answer alleging a counterclaim less than three hundred dollars may be treated as a defense, or as a counterclaim, according to its nature, considering the facts alleged; and the prayer of the answer is not a very material part thereof, and does not necessarily preclude the treatment of the answer as a defense, in a proper case.

ID.—PRAYER OF ANSWER, WHEN IMMATERIAL—ADMISSION OF CAUSE OF ACTION—DEMURRER TO COUNTERCLAIM.—The prayer of the answer for judgment in favor of defendant on such counterclaim is immaterial, if the counterclaim can only operate by way of partial defense and extinguishment *pro tanto* of plaintiff's cause of action; and where the answer admits the cause of action, and pleads a counterclaim upon another contract for less than three hundred dollars, existing in favor of the defendant at the commencement of the action, for which the defendant prays judgment, it is error to sustain a demurrer to such counterclaim for want of jurisdiction in the superior court of the subject matter thereof.

ID.—CIRCUITY OF ACTION, WHEN NOT REQUIRED.—The law does not require circuity of action, and the risk of the collection or setoff of cross-judgments, where, in a plain case, all matters of setoff between the parties may, in the same action between the same parties, by one judgment, be at once finally settled and determined.

APPEAL from a judgment of the Superior Court of Sierra County, Stanley A. Smith, Judge.

The facts are stated in the opinion.

F. D. Soward, for Appellant.

A counterclaim under three hundred dollars can be used in defense of plaintiff's claim, and as an offset thereto, when it is in the nature of a cross-demand to the plaintiff's claim, though not for purposes of an affirmative judgment. (Code Civ. Proc., sec. 440; *Hart v. Cooper*, 47 Cal. 77; *Lindsay v. Stewart*, 72 Cal. 540, 543; *Griswold v. Pieratt*, 110 Cal. 259, 266.)

Frank R. Wehe, for Respondent.

The defendant has named his pleading a counterclaim, and concluded it with a demand for judgment, and cannot treat it as matter of defense. (Pomeroy on Remedies and Remedial Rights, sec. 593; *McAbee v. Randall*, 41 Cal. 136; *Shain v. Belvin*, 79 Cal. 262; *Erkins v. Ayer*, 58 Cal. 313; *Haskell v. Haskell*, 54 Cal. 264.) The superior court had no jurisdiction of the counterclaim for less than three hundred dollars. (*Derby v. Stevens*, 64 Cal. 287; *Griswold v. Pieratt*, 110 Cal. 265.)

COOPER, C.—The appellant brought this action against defendant to recover fifteen hundred and sixty dollars and thirty-six cents for beef furnished by plaintiff to defendant at his request. The defendant answered, and, without denying any of the allegations of the complaint, alleged as a counterclaim that at the time of the commencement of the action the plaintiff was indebted to defendant in the sum of one hundred and ten dollars and eighty-nine cents for beef furnished by defendant to plaintiff at his request. The plaintiff filed a demurrer to the defendant's answer upon the ground that the court had no jurisdiction of the subject matter for the reason that the counterclaim amounts to less than three hundred dollars. The court sustained the demurrer and defendant declined to amend. Judgment was thereupon entered in favor of plaintiff for the amount claimed in his complaint. This appeal is by defendant from the judgment. The sole question here is as to the order sustaining the demurrer. We think the order was erroneous. Our

code (Code Civ. Proc., sec. 437) provides that the answer of the defendant shall contain a statement of any new matter constituting a defense or counterclaim; that (Code Civ. Proc., sec. 438) "in an action arising upon contract, any other cause of action arising upon contract and existing at the commencement of the action"; that (Code Civ. Proc., sec. 440) "when cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, as far as they equal each other." This action is one arising upon contract, and the counterclaim is also one arising upon contract and existing at the commencement of the action, and is clearly within the provision of the code above quoted. The law abhors a multiplicity of actions, and the evident intent of the legislature in passing the code provision was that all matters that may be the subject of litigation between the parties within the limitations prescribed shall be settled in one action. If the ruling of the court below is correct, the defendant would have to bring suit in a justice court upon the cause of action set forth in his counterclaim, and, if he obtains judgment, take the chances of collecting it from the plaintiff. He might apply to have it set off against the plaintiff's judgment, provided the plaintiff's judgment has not been paid or assigned by plaintiff to some third party. The law does not require such circuity of action in a plain case where all matters may, in the same action, between the same parties, by the one judgment be at once finally settled and determined. Pomeroy on Remedies and Remedial Rights, section 730, in speaking of our code provisions, says: "It is clear that if the plaintiff's action was on a contract and for a debt—for the more extended language of the statute describes only a debt—and the defendant held another debt due from the plaintiff personally and existing in his own favor, and which did so exist at the commencement of the action, he could plead such demand as a setoff." And in section 795 the same author, in speaking of the counterclaim mentioned in subdivision 2 of section 438 of the Code of Civil Procedure, says: "This is substantially the definition of setoff given in the codes of the second group. The language of this clause plainly includes all cases of counterclaim based on contracts when the plaintiff's cause of action is also on contract."

In *St. Louis Nat. Bank v. Gay*, 101 Cal. 289, this court said: "Counterclaim, as used in our code, includes both recoupment and setoff, and is, strictly speaking, a pleading by which matters arising out of recoupment or setoff are averred. It may be used by defendant to plead as against the plaintiff: 1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the cause of action; 2. In an action arising upon a contract, any other cause of action arising also upon contract, and existing at the commencement of the action."

In the case of *Hart v. Cooper*, 47 Cal. 77, plaintiff brought suit upon a promissory note for three hundred and sixty-five dollars and fifty-five cents. The defendants, in their answer, were allowed to plead as a setoff an indebtedness of two hundred and thirty-five dollars and thirty cents due them upon account. It appeared at the trial that the true amount due defendant on the account was thirty-five dollars and eighty cents, which was credited by the court below on the amount due plaintiff on the note, and this court affirmed the judgment. Counsel for plaintiff point out that the defendant in his answer prays for judgment against plaintiff for the amount named in the answer, and argues from this that the answer was seeking to obtain an affirmative judgment for less than three hundred dollars. Taking the answer as it reads, it is quite plain that such was not intended to be its effect. It admitted the amount of plaintiff's claim as pleaded, but by way of counterclaim sought to have the claim of plaintiff reduced one hundred and ten dollars and eighty-nine cents. The prayer is not a very material part of the answer. Counsel for plaintiff in his brief has stated the rule which we think very properly may be applied here. "Perhaps the just rule would be to treat the pleading as a defense, or a counterclaim, according to its nature considering the facts alleged." The case apparently relied upon by plaintiff (*Griswold v. Pieratt*, 110 Cal. 259) is not in conflict with what has been here said. That was an action brought by plaintiff to recover of defendant the sum of eight hundred and fifty-eight dollars, as damages for the negligent performance of a contract by defendant to bud a quantity of fruit trees. Defendant denied the negligence and damages. Then for a counter-

claim he pleaded a balance due him upon settlement amounting to one hundred and ninety-two dollars and asked judgment for the amount. The lower court found in favor of defendant and awarded him an affirmative judgment for the amount claimed by him. It was properly held by this-court that the facts stated in the answer were not the subject of a counterclaim, that they did not arise out of the transaction set forth in the complaint, and that the amount of the defendant's demand against the plaintiff was not within the jurisdiction of the superior court so as to justify affirmative relief to the defendant.

In the opinion the correct rule is laid down which applies to this case. It is said: "Of course, what is here said on the subject of jurisdiction has no application to the counterclaims provided for in the first subdivision of section 438 of the Code of Civil Procedure; the amount of the cross-demand under that subdivision is of no moment for jurisdictional purposes; our remarks are to be understood as confined to the unconnected causes of action mentioned in the second subdivision of that section, and limited also to cases presenting the substantial features of the present. If the setoff, less than three hundred dollars in amount, exclusive of interest, held by a defendant, is pleaded by him as purely defensive matter in reduction or extinguishment of the claim of the plaintiff in an action triable by the superior court, it may well be that the court can properly entertain the same; such was the case in *Hart v. Cooper*, *supra*. It is under the statute (Code Civ. Proc., sec. 440) perhaps as much a matter of defense merely as would be a plea of payment of a like sum."

We advise that the judgment and order be reversed, and the cause remanded to the court below with directions to overrule the demurrer to the answer.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, and the cause remanded to the court below with directions to overrule the demurrer to the answer.

Harrison, J., Van Dyke, J., Garoutte, J.