[Civ. No. 1491.   Third Appellate District.—February 7, 1916.]

CALARA VALLEY REALTY COMPANY (a Corporation), Respondent, v. C. B. SMITH and GEORGE O. RICH, Defendants; C. B. SMITH, Appellant.

ACTION FOR GOODS SOLD—PLEADING—FAILURE TO DENY INDEBTEDNESS—COUNTERCLAIM.—In an action for the recovery of a balance due upon an open book account for goods, wares, and merchandise sold and delivered, the failure of the defendant to expressly admit or deny the allegations of the complaint does not deprive him of the right to set up a counterclaim growing out of contract, as an offset to the indebtedness pleaded in the complaint, notwithstanding the amount of such counterclaim exceeds the amount of the plaintiff's demand and that no affirmative judgment is asked for by the defendant.

ID.—FAILURE TO DENY ALLEGATION — ADMISSION.—Where a defendant fails to deny a material fact alleged in a complaint, such failure is tantamount to an admission of the fact so alleged.

ID.—PLEADING OF COUNTERCLAIM—TENDER OF ISSUE.—The pleading of a counterclaim without directly denying the allegations of the complaint is sufficient to tender an issue upon the question whether the plaintiff is entitled to a judgment for the full amount of the claim or any part thereof upon which he has sued, and the right to support such special defense is not affected by the fact that the alleged counterclaim exceeds that of the debt sued for by the plaintiff, and that the defendant asks for no affirmative relief.

ID.—CODE PROVISIONS AS TO COUNTERCLAIMS—INTENT OF LEGISLATURE—AVOIDANCE OF MULTIPLICITY OF ACTIONS.—The evident intent of the legislature in passing the code provisions relating to counterclaims was that all the matters that may be the subject of litigation between the parties within the limitations prescribed shall be settled in one action.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, and R. P. Henshall, for Appellant.

Ross & Ross, and J. J. Lermen, for Respondent.

HART, J.—This is an appeal, by the alternative method, by the defendant, Smith, from the judgment entered in the above-entitled action.

The action is for the recovery of the sum of $729.30, a balance due the plaintiff from the defendants upon an open book account for goods, wares, and merchandise sold and delivered by the former to the latter.

The defendant, Smith, answering for himself, without expressly denying the allegations of the complaint, set up a counterclaim, and in this behalf alleged that the plaintiff "was, and now is, indebted to this defendant and to one George O. Rich, upon an open book account, for commissions due and unpaid by said plaintiff to said Smith and Rich, and for and on account of services rendered by them to said plaintiff, in the sum of eighteen hundred dollars; that no part of said sum has been paid," etc.

As and for "a further and separate answer and defense" to plaintiff's cause of action, the defendant, Smith, pleads another counterclaim in detail, setting out in substance the contract whereby he and Rich were employed to sell the real property of the plaintiff, for which they were to receive from the plaintiff, as compensation, commissions upon the gross selling price of the property sold by or through them and their agents and employees; that the said Smith and Rich performed the services called for by said contract, and that by reason of said services there accrued to their credit the sum of one thousand eight hundred dollars, no part of which has been paid, etc. This answer was verified.

Smith asked for no affirmative relief, the prayer of his answer merely reading: "Wherefore, said defendant prays that plaintiff take nothing by this action, and that he have judgment for his costs."

Several months after Smith filed his answer to the complaint, the defendant, Rich, for himself, filed an answer, in

which he expressly admitted ''each and all the allegations of the complaint,'' and ''prays judgment that the plaintiff recover in accordance with the prayer of his complaint, and that he have judgment against his codefendant for one-half of the indebtedness mentioned in said complaint.''

The defendant, Smith, at the opening of the trial, asked leave of the court to amend his answer by ''setting forth another counterclaim as a defense, showing certain moneys had and received by plaintiff.'' The proposed amended answer, the counsel stated, was then in course of preparation. The court said: ''When we get to it you can file it if it is sufficient.'' The proposed amended answer was subsequently, during the progress of the proceedings, offered by the attorney for Smith, and the court refused to permit it to be filed on the ground that it was not in proper shape to tender an issue.

The respondent first objects that, inasmuch as there is not in the transcript as certified to this court the testimony offered by the defendant and excluded by the trial court, there is before us no record justifying a review of the assignments of error upon which the appellant relies.

It is true that certain documentary evidence offered by the defendant, Smith, which the court would not admit, and the proposed amended answer of the said defendant, are not incorporated in the record. Since it is true that the proposed amended answer is not incorporated in the record of the proceedings of the trial as it is presented to us, it manifestly cannot be determined by this court whether the trial court was right or wrong in its ruling refusing permission to file it.

As to the documentary evidence offered by the defendant, Smith, it is to be remarked that, while Smith's attorney explained, when he offered it, that its purpose was to support the special defense or counterclaim, and that it would have the effect of showing the authority, in writing, in the form of a memorandum contained in the books of the plaintiff, and signed by the latter, in the defendants to sell real property for the plaintiff, thus invalidating any objection which might be raised by reason of the provisions of the statute of frauds prescribing the mode of vesting and attesting authority in a party to sell the real estate of another, the court not only refused to admit the testimony, but would not permit counsel to read the entries from the books into the record.

The question to be decided here, however, does not hinge upon the proposition whether the court erred in disallowing Smith to file his proposed amended answer or upon the question whether the evidence offered and rejected was or was not relevant, material, and competent, but wholly upon the construction which (it is clear from the record before us) the court put upon the answer as filed by the defendant, Smith, and upon which construction the court would not admit evidence in support of the defense so pleaded. The ground upon which the court excluded all evidence submitted by Smith in support of his counterclaim is repeatedly stated and given in the record, and it is manifest that the action of the court in that regard amounted in legal effect to a ruling that said answer does not state facts sufficient to constitute an answer or defense to the complaint.

The court in effect held that, inasmuch as the said defendant, by his answer, made no direct answer to the allegations of the complaint, no issue was tendered by his said answer, notwithstanding that therein Smith set up a counterclaim, growing out of contract, as an offset to the indebtedness pleaded in the complaint. That this was the ground upon which the court excluded evidence offered in support of the counterclaim is, as before declared, clearly shown by the statement, repeatedly made by the court, in its rulings sustaining objections to testimony offered by Smith, that the answer raised no issue, as the following colloquy between the court and the attorneys for the respective parties will show:

"Mr. Ross (Attorney for Plaintiff): If you will notice, your Honor, they set up a counterclaim of fifteen hundred dollars and in their prayer they do not ask for that. Mr. Mordicai (Attorney for Smith): We set up a counterclaim. We do not have to ask for an affirmative judgment. The Court: Now, let us see, gentlemen. The plaintiff claims there is $729.30 due. Mr. Mordicai: Yes, sir. The Court: And do you deny it? Mr. Mordicai: No, sir. The Court: And you do not ask for anything in your prayer. You do not ask anything but your costs. That is all you ask and you admit there is $729.30 due the plaintiff and you do not ask anything. . . . The prayer of the complaint is that they have judgment for $729.30, isn't it? Mr. Mordicai: Yes, your Honor. Court: And you admit that? Mr. Mordicai: Oh, no. Court: Where is your answer to it. Mr. Mordicai: Why,

these counterclaims are an answer to it.   Court: Where is your denial?   Mr. Mordicai: There is no denial.   They say that they sold us goods to the amount of some $900 and that we paid a couple of hundred dollars on it, leaving some seven hundred.   Now, we do not deny that, but we say that in turn they owe us on another bill which we seek to offset against that as a defense but not as an affirmative judgment.   Now, that is our answer to the $729.30.   We could not deny that they sold us those goods and that we only paid a certain amount on that bill, but we say they owe us for other things upon other contracts which we now counterclaim as a defense. Court: I may be obtuse in my mind to-day; I have a cold. But I really cannot see any merit in your answer, Mr. Mordicai.   I have tried to but I cannot see that your answer amounts to anything at all; I cannot.   I cannot see that you have any answer that raises any issue whatever.   Your answer is not worded properly to raise an issue to act as a counterclaim.   Mr. Mordicai: Of course, there has been no point made by counsel here that it does not state facts sufficient to constitute a counterclaim or defense.   Court: He gets in under his objections.''   Subsequently, while the defendant, Rich, was on the stand, and after he had testified that he was president of the plaintiff corporation, the attorney for Smith asked said Rich a question to which the attorney for the plaintiff objected, and the court, sustaining the objection, said: ''Mr. Mordicai, I will say frankly to you that I think there was a chance for you to raise an issue in your pleadings here and bring the matter properly before the court, but as the pleadings now stand I do not think you have any show in court.''

Thus it will be seen that the court would not permit the defendant, Smith, to make any showing whatever upon his alleged counterclaim, the ground of the rulings in all instances being in effect that said defendant had not raised an issue by his answer; and after repeated unavailing efforts to prove his defense, Smith, through his attorney, stated to the court that he had nothing further to offer.   Thereupon the court gave the plaintiff judgment on the pleadings.

We think the court's construction of the answer and its rulings based upon its theory of said pleading were erroneous.

The defendant, Smith, was, of course, entitled to set up a counterclaim (Code Civ. Proc., sec. 437, subd. 2), and that the

29 Cal. App.—38

counterclaim pleaded by him was one existing in his favor and against the plaintiff, between whom a several judgment might be had in the action, and arising out of a cause of action upon contract (Code Civ. Proc., sec. 438), there is no ground for doubting.

While unquestionably it would have been the better course for Smith to have expressly admitted the indebtedness pleaded by the plaintiff and then have set up his counterclaim as a special defense by way of avoidance, still it is well settled that where a defendant fails to deny a material fact alleged in a complaint, such failure is tantamount to an admission of the fact so alleged. It follows that the failure of Smith to deny the indebtedness upon which the plaintiff declared amounted in legal effect to an admission by him that the indebtedness so pleaded existed against him. Under this view, Smith was authorized by the sections of the code above referred to to set up a counterclaim as an offset to the indebtedness charged against him by the complaint.

A similar situation arose in the case of *Valley Lumber Co.* v. *Wood,* 4 Cal. Unrep. 1, [33 Pac. 343), although the precise point presented here was not raised. In that case, the complaint was in two counts, the first for $503.19, for goods sold and delivered, and the second for $83.20 for goods sold and delivered by another party and the claim therefor assigned to the plaintiff. The defendant made no denial of the first count, but denied that he is or was indebted to the assignor of the plaintiff in any sum exceeding $81.20, and, in addition to this and the denial of the assignment of the claim on which the second count was based, he pleaded a counterclaim to each of the counts of the complaint.

In *Freeman* v. *Seitz,* 126 Cal. 291, [58 Pac. 690], which was an action to recover a certain sum of money for beef furnished by the plaintiff to the defendant, the latter, without denying any of the allegations of the complaint, pleaded a counterclaim. The plaintiff demurred to the defendant's answer, but the demurrer was based solely upon the ground that the court was without jurisdiction to entertain the counterclaim because it involved in amount a sum less than three hundred dollars. The point presented here was not raised nor referred to in that case, the appeal therein having been taken by the defendant from the judgment entered by the trial court upon the order sustaining the demurrer to his an-

swer on the ground above stated. But, notwithstanding that the point was not in those cases directly decided, it is to be assumed that it was at least thought by the attorneys in the cases that the point was destitute of merit. At any rate, we are, as stated, of the opinion that the pleading of a counterclaim without directly denying the allegations of the complaint is sufficient to tender an issue upon the question whether the plaintiff is entitled to a judgment for the full amount of the claim or any part thereof upon which he has sued. Nor can we see that his right to support his special defense can in any manner be affected by the fact that his alleged counterclaim exceeds that of the debt sued for by the plaintiff and that he asks for no affirmative relief.

If the defendant, Smith, as his explanation of his proposition to file an amended answer would indicate is true, has another and distinct claim from the one pleaded by him against the plaintiff, growing out of contract, and which is not barred, he should be permitted to amend his answer by setting it up, and thus enable the court to settle in this action all the matters of difference existing between the plaintiff and Smith and sounding in contract. As the court said, in *Freeman* v. *Seitz,* 126 Cal. 291, [58 Pac. 690] : "The law abhors a multiplicity of actions, and the evident intent of the legislature in passing the code provision (above referred to) was that all matters that may be the subject of litigation between the parties within the limitations prescribed shall be settled in one action."

The judgment is reversed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 6, 1916.