[L. A. No. 11715.   In Bank.—March 30, 1932.]

THE MERCHANTS NATIONAL BANK OF LOS ANGELES, Respondent, v. CLARK–PARKER CO. (a Fictitious Firm, etc.), et al., Defendants; S. N. CLARK, Appellant.

William C. Ring for Appellant.

Freston & Files and Ralph E. Lewis for Respondent.

LANGDON, J.—Plaintiff bank brought an action against the firm of ''Clark-Parker Co.'', S. N. Clark and John Doe as members of said firm, on a promissory note for $10,000. S. N. Clark was served with summons, and he alone appeared, and filed an answer denying liability, together with a counterclaim for services performed by him. Nearly three years later plaintiff moved to strike out the counterclaim on the ground that the obligation sued upon was *joint*, and the counterclaim was *several*. By this time the statute of limitations had run on any right to file a separate action for the value of the services. The motion was granted. Defendant Clark then moved for leave to file an amended answer and counterclaim to allege that the liability on the note was *several*. In this regard he stated that ''Clark-Parker Co.'' was a dissolved partnership, a fictitious party on the note, and that this fact was known to plaintiff. This motion was denied. At the trial, a substantial variance appeared between the note pleaded in the complaint and the note proved. As pleaded, there were two signatures, one below the other: ''Clark-Parker Co. S. N. Clark.'' The actual note offered in evidence read: ''Clark-Parker Co. by S. N. Clark.'' The court permitted plaintiff to amend the complaint to conform to the proof, but denied another motion by defendant to file an amended answer and counterclaim. A *several* judgment was thereafter rendered against Clark, the sole defendant.

It is apparent that the court was in error in its rulings. Taking the note as *pleaded*, it contained the words ''I promise to pay'', and had two signatures: ''Clark-Parker Co.'' and ''S. N. Clark.'' The Negotiable Instruments Law provides: ''Where an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon.'' (Cal. Civ. Code, sec. 3098, subd. 7.) The liability of defendant Clark being *joint and several* under the allegations of the complaint, the first order of the court in striking out the counterclaim was improper.

■ The second order, refusing permission to file an amended answer and counterclaim to set up facts showing that the liability was *several,* is so obviously erroneous that no discussion is necessary. The plaintiff cannot by an arbitrary statement of the facts of the controversy prevent the defendant from alleging other facts as the basis of a valid counterclaim. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 Pac. 474]; *Story & Isham Commercial Co.* v. *Story,* 100 Cal. 31 [34 Pac. 671].)

■ The next order of the court permitted plaintiff to amend to conform to proof. As proved, the note read: "Clark-Parker Co. by S. N. Clark." The signature in this form was presumably deemed by the court to make him liable jointly with the partnership. Irrespective of the correctness of this conclusion, it is not clear how the court could again refuse to permit defendant Clark to amend his pleading and to offer evidence to show that the partnership did not exist at the time of execution of the note, and that the note was his individual obligation. Such evidence was unquestionably admissible.

By denying defendant the right to set up the counterclaim in this action, the court denied defendant all relief on it, for the statute of limitations had run on the right to file a separate suit. Thereafter, the court rendered judgment against defendant Clark alone. The error in its previous orders is thus made manifest. If a several judgment could be rendered against him, it necessarily follows that he could set up a several counterclaim.

The judgment must, of course, be reversed; but in view of the possibility of new facts being developed under new pleadings, it may be well to point out the misconception which lies at the basis of the original error. It is assumed by the trial court that if the liability on the note is *joint,* no several counterclaim can be set up by any one of the joint obligors. Section 438 of the Code of Civil Procedure, which governs the pleading of counterclaims, does not compel such a conclusion. It merely requires that the counterclaim tend to diminish or defeat the plaintiff's recovery and "exist in favor of *a* defendant, and against *a* plaintiff between whom a *several judgment* might be had in the action". The question is, therefore, whether the plaintiff in the instant case could have recovered a *several judgment*

against defendant Clark, *a defendant,* if, as the court concluded, said defendant was one of two or more joint obligors. The answer is found in other sections of the Code of Civil Procedure. ▆ It is settled in California that when a complaint is filed against a number of defendants jointly indebted on a contract, not all of whom are served, the court may proceed against any defendant or defendants who may be served with summons, and render a *several judgment against each.* (Code Civ. Proc., secs. 414, 578, 579; *Shain* v. *Forbes,* 82 Cal. 577, 583 [23 Pac. 198]; *Kelly* v. *Bandini,* 50 Cal. 530; *Tay, Brooks & Backus* v. *Hawley,* 39 Cal. 93; *Davidson* v. *Knox,* 67 Cal. 143 [7 Pac. 413]; *Lewis* v. *Clarkin,* 18 Cal. 399.) This being so, a several counterclaim is unquestionably proper. The identical situation was presented in *Calara Valley Realty Co.* v. *Smith,* 29 Cal. App. 589 [156 Pac. 369]. This was a suit against two defendants jointly indebted to plaintiff corporation for goods sold to them. One defendant appeared and was permitted to counterclaim for services rendered to plaintiff. (See, also, Clark on Code Pleading, sec. 102.)

The misconception of the lower court is based upon language in *Roberts* v. *Donovan,* 70 Cal. 108 [9 Pac. 180, 11 Pac. 599], and *Kales* v. *Houghton,* 190 Cal. 294 [212 Pac. 21]. Neither case is in point on its facts. In *Kales* v. *Houghton,* a number of *plaintiffs* to whom a debt was jointly owed sued a single *defendant,* who sought to plead a counterclaim against one of the plaintiffs. Clearly his claim against that plaintiff could not defeat the rights of the other obligees. In *Roberts* v. *Donovan,* defendant Tobin had become agent for plaintiffs; and defendants Donovan and McGrath had signed as joint sureties a bond for Tobin's faithful performance. In an action on the bond, defendant Donovan set up a counterclaim for money *due Tobin,* based upon an assignment from the latter. The court held that the counterclaim was improper. Two chief reasons appear in the opinion. The first is that one person cannot set up a counterclaim existing in favor of another person. The accuracy of this statement need not be considered since no such fact appears in the instant case. The second reason is thus stated in the opinion, page 114: " . . . where all of several joint debtors are sued and

served with process, all being equally liable . . . a several judgment cannot be entered, but the judgment, like the demand, must be joint.'' It is at once apparent that this case, in spite of some general language, is not authority for the broad proposition that one of two defendants jointly liable on a contract cannot set up a counterclaim due to him alone. As the court points out, *all* of the defendants had been served with process and were parties to the action. In such case the judgment must be *joint*. Section 414 of the Code of Civil Procedure does not apply if all are served. But where, as in the instant case, one or more defendants but not all are served, a several judgment against those served is expressly permitted by the code, and such was also the provision of the earlier Practice Act. (See *Shain* v. *Forbes*, and other cases, cited *supra*.) This distinction is recognized in *Roberts* v. *Donovan, supra,* where the court says: ''So, too, when the cause of action is against several defendants jointly, a portion only of whom are served, judgment may be taken against those served, under section 414 of the Code of · Civil Procedure. . . . ''

It therefore follows that regardless of whether the note is joint or joint and several, a several judgment against defendant Clark was proper, and the several counterclaim of this defendant was also proper. Any other view would be in plain disregard of our statutes, and would be contrary to the tendency toward a liberal extension of the right to counterclaim which has heretofore been pointed out by this court. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 Pac. 474]; see, also, *Calara Valley Realty Co.* v. *Smith,* 29 Cal. App. 589 [156 Pac. 369].)

The judgment is reversed.

Preston, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.