Opinion
 

 COBEY, Acting P. J.
 

 Plaintiff, Hillco, Inc., appeals from a judgment dismissing with prejudice its joint debtor proceeding (Code Civ. Proc., §§ 989-994) against defendant, Leonard Stein,'following the sustaining, without leave to amend, of said defendant’s demurrer to plaintiff’s amended complaint. The sole issue presented is whether a joint debtor proceeding can be prosecuted upon a cause of action for money had and received. We believe not for reasons that follow.
 

 Facts
 

 On June 7, 1974, plaintiff, a California corporation, recovered against one T. J. Costello, Doe One, doing business as Costello, Stein & Co., Inc., and eight other fictitious defendants a default judgment in the total amount, as reduced on appeal,
 
 [1]
 
 of $10,377.12, none of which has been satisfied. This judgment was recovered on plaintiff’s complaint for fraud, conversion and money had and received in which plaintiff detailed how
 
 *325
 
 Costello obtained from plaintiff (on various false and fraudulent representations that he would arrange financing for plaintiff through a lease or leases of its fixtures and equipment) the sum of $8,925, which sum defendants then converted to their own use. Plaintiff, in its third cause of action in its complaint, further alleged that in the foregoing manner defendants and each of them became indebted to plaintiff in the sum of $8,925 for money had and received by them for the use and benefit of plaintiff. Each defendant was alleged to be the agent of the remaining defendants and Costello was alleged to have falsely and fraudulently represented to plaintiff that he was a partner in Doe One. It was finally alleged that Costello never initiated any of the promised financing transactions.
 

 Discussion
 

 Code of Civil Procedure section 989
 
 [2]
 
 provides that when a judgment is recovered against one or more of several persons jointly indebted upon an obligation, by proceeding as provided in section 410.70, those, who were not originally served with the summons and did not appear in the action, may be summoned to appear before the court, in which the judgment was entered, to show cause why they should not be bound by the judgment in the same manner as if they had been originally served.
 

 Section 410.70 reads: “In an action against two or more persons who are jointly, jointly and severally, or severally liable
 
 on a contract,
 
 the court in which the action is pending has jurisdiction to proceed against such of the defendants as are served as if they were the only defendants.” (Italics added.) According to the comment of the Judicial Council, this 1970 statute (Stats. 1969, ch. 1610, § 3, p. 3363) continues the law (former § 414) dealing with the acquisition of personal jurisdiction over those joint debtors who have been served. (See
 
 Merchants Nat. Bank
 
 v.
 
 Clark-Parker
 
 Co.(1932) 215 Cal. 296, 299 [9 P.2d 826, 81 A.L.R. 778].)
 

 In
 
 Tay, Brooks & Backus
 
 v.
 
 Hawley
 
 (1870) 39 Cal. 93, 98, our Supreme Court originally described the statutory joint debtor proceeding as being “an action on the original joint contract.” A few years later it more accurately characterized the proceeding as “in the nature of an action
 
 *326
 
 upon a judgment.”
 
 [3]
 

 (Waterman
 
 v.
 
 Lipman
 
 (1885) 67 Cal. 26, 27 [6 P. 875].) In
 
 Cooper
 
 v.
 
 Burch
 
 (1903) 140 Cal. 548, 551-552 [74 P. 37], it reiterated this characterization of the action, pointed out that the entire proceeding was statutory and exclusive, and stated that “[t]he only purpose of the complaint, under these proceedings, is to disclose the obligation upon which the original judgment was rendered.”
 
 [4]
 
 It then reasoned from the foregoing that the cause of action upon which the original judgment had been recovered could not be changed and therefore refused to permit an amendment to the complaint changing that cause of action from a suit on a promissoiy note to an action upon a partnership indebtedness.
 
 (Id.,
 
 at p. 552.) The validity of this rule was expressly recognized in the subsequent case of
 
 Kupfer
 
 v.
 
 Brawner
 
 (1942) 19 Cal.2d 562, 563-564 [122 P.2d 268], and by this court in
 
 Fried
 
 v.
 
 Municipal Court
 
 (1949) 94 Cal.App.2d 376, 378 [210 P.2d 883]. Essentially the obligation sought to be enforced in the summary joint debtor proceeding must be the same obligation as that alleged in the original complaint.
 
 (Vincent
 
 v.
 
 Grayson
 
 (1973) 30 Cal.App.3d 899, 906 [106 Cal.Rptr. 733].) in other words, despite the lack of limitation in the language of section 993 with respect to the power of amendment, the original complaint may not be amended in a joint debtor proceeding “to raise new issues of fact to give rise to a different legal obligation.”
 
 (Id.,
 
 at p. 910.)
 
 [5]
 

 We now turn back to the original complaint in this case to determine whether it states, or can be amended to state, under the limited power of amendment just specified, a cause of action in contract. We say “in contract” because, although section 989 refers initially to a judgment recovered against “one or more of several persons jointly indebted upon an obligation” without identifying the nature of the requisite obligation, it later identifies the judgment proceeded on in joint debtor proceedings as one recovered “by proceedings as provided in Section 410.70.”
 

 
 *327
 
 It is obvious that the first two causes of action in the original complaint, namely those for fraud and conversion, sound only in tort. The question is whether the third cause of action, that for money had and received, may be deemed to be contractual in nature because it sounds in quasi-contract. We believe not. A contractual obligation (see Civ. Code, §§ 1427, 1428) is consensual in origin. (Civ. Code, §§ 1549, 1550.) A quasi-contractual obligation is not. It is one imposed by equity to prevent unjust enrichment. (See
 
 Ward
 
 v.
 
 Taggart
 
 (1959) 51 Cal.2d 736, 742-743 [336 P.2d 534];
 
 Arcade County Water Dist.
 
 v.
 
 Arcade Fire Dist.
 
 (1970) 6 Cal.App.3d 232, 236 [85 Cal.Rptr. 737]; 2 Witkin, Cal. Procedure. (2d ed. 1970) Actions, § 102, pp. 972-973; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 430, pp. 2087-2088.) Like a tort, the breach involved is of a nonconsensual duty owed another. (See 1 Corbin, Contracts (1963) § 19, p. 48; cf.
 
 Laczko
 
 v.
 
 Jules Meyers, Inc.
 
 (1969) 276 Cal.App.2d 293, 295 [80 Cal.Rptr. 798].)
 

 Disposition
 

 The judgment under appeal is affirmed.
 

 Allport, J., and Potter, J., concurred.
 

 A petition for a rehearing was denied July 26, 1978.
 

 [1]
 

 On appeal the punitive damages awarded plaintiff were reduced from
 
 $50,000
 
 to $1,000.
 

 [2]
 

 All section references hereafter are to the Code of Civil Procedure unless otherwise indicated.
 

 [3]
 

 Section 994 provides that when the defendant denies any liability on the obligation, upon which the judgment was rendered, the verdict against that defendant may not be in excess of “the amount remaining unsatisfied on such original judgment, with interest thereon.”
 

 [4]
 

 We note that under section 993 the original complaint is part of the pleadings in the joint debtor proceeding only if the defendant “denies his liability on the obligation upon which the judgment was recovered.”
 

 [5]
 

 This limitation upon amending the original complaint prohibits the amendment of the original complaint made by plaintiff herein wherein it alleges that defendant Costello, on behalf of himself and defendant Stein, made an agreement with plaintiff to obtain for plaintiff equipment lease financing thereafter detailed. This is a different legal obligation from the one alleged in the original complaint.