[L. A. No. 957.    Department One. — November 22, 1901.]

## THE STEARNS RANCHOS COMPANY, Respondent, v. S. G. McDOWELL et al., Defendants. ANNA MAUDE McDOWELL, Appellant.

VENDOR AND PURCHASER — ACTION TO FORECLOSE CONTRACT OF SALE — DISCLAIMER — ADVERSE CLAIM OF CO-DEFENDANT. — In an action by a vendor to foreclose a contract of sale by reason of the default of the purchaser in making payments thereon, where a co-defendant, who was joined as an alleged claimant under the contract, disclaimed any interest therein, and set up a claim of title adversely both to the vendor and to the purchaser, such adverse claim is not a proper subject of litigation in the action.

ID. — DETERMINATION OF ADVERSE CLAIM — VOID JUDGMENT — MODIFICATION UPON APPEAL. — A judgment in such action, foreclosing the contract of sale as to all of the defendants, and enjoining the defendants from setting up any claim adverse to the plaintiff, and awarding to the plaintiff possession as against the defendants, is void as to the defendant who disclaimed all interest under the contract, and asserted the adverse claim. The judgment being broad enough in its terms to include the adverse claim, though void in relation thereto, will be ordered modified, upon appeal of the defendant who asserted it, so as to exclude such defendant from the operation of the judgment.

APPEAL from a judgment of the Superior Court of Orange County. J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

F. O. Daniel, for Appellant.

E. W. McGraw, and R. Melrose, for Respondent.

GAROUTTE, J. — This action was brought to foreclose a contract made by plaintiff with the defendant S. G. McDowell for the sale of real estate, McDowell having failed to make the payments provided for by the contract. Plaintiff made appellant, Anna Maude McDowell, a defendant, alleging that she claimed some interest in said lands under S. G. McDowell. The answer of appellant denied that she claimed any interest in the land under the defendant S. G. McDowell, and alleged that she was the owner of one half of the aforesaid land, holding the same adversely to plaintiff and defendant S. G. McDowell, and setting out her chain of title. Upon this allegation she asked to be dismissed from the suit. At the trial, the court made findings of fact to the effect that appellant did not claim any interest in the land under McDowell; and in its conclusions of law held that her adverse claims of title were not the subject of adjudication in the action. By the final decree it was ordered, adjudged, and decreed that all of the defendants, including this appellant, "be, and they are hereby, finally foreclosed of all right and interest in and to the lands in said former decree and hereinafter mentioned, . . . and that the plaintiff be, and it is hereby, fully restored to the estate in said lands held by it previous to the execution of said contract; that all claims of defendants, and each of them, in and to said lands adverse to plaintiff are henceforth null and void; and that each of said defendants be, and they are hereby, debarred and enjoined from asserting any claim whatever in or to said lands or premises, or any part thereof, adverse to plaintiff"; and it was also ordered that plaintiff have and "recover judgment against said defendants for the possession of said lands and premises, and that a writ of restitution issue therefor."

Appellant, having disclaimed any interest in the land under the McDowell contract, and the adverse claims set up by her not being proper matters to be litigated in the action, and not being litigated in the action, it is very apparent that the final judgment rendered, as far as she is concerned, is wholly void. Respondent, by its brief, declares: "The only point of difference between us is as to the effect of the final judgment, which, it must be conceded, is in its terms broad enongh

to include the adverse title." The decree, upon its face, by its terms, being broad enough to include appellant's adverse title, was necessarily void to that extent, and she had the right to appeal from such void decree. It is said in *Merced Bank* v. *Rosenthal,* 99 Cal. 44: "Still, as in this case it would be in form a judgment entered in the records of the court upon which final process might be issued, which, although void, might through judicial machinery be made oppressive to individuals, it is therefore a grievance which may properly be remedied by a tribunal which exists for the correction of errors."

For the foregoing reasons the cause is remanded, with directions to the trial court to modify its judgment in accordance with the foregoing views.

Harrison, J., and Van Dyke, J., concurred.