[L. A. No. 1176. Department Two.—October 9, 1903.]

R. W. COOPER, Executrix, etc., et al., Appellants, v. JOHN D. BURCH et al., Respondents.

ACTION ON JOINT NOTE—JUDGMENT BY DEFAULT AGAINST PARTIES SERVED —APPEARANCE OF OBLIGOR NOT SERVED—PLEADING—IMPROPER AMENDMENT OF COMPLAINT—PARTNERSHIP.—In an action on a joint note against three joint debtors, where judgment by default was entered against two of the defendants served, and the third defendant afterwards voluntarily appeared and denied the execution of the note and the authority of a defendant who assumed to execute it as his attorney in fact, it was error for the court to permit an amendment of the complaint to charge that the defendants were partners, and that the note was given for money borrowed by the partnership, and applied for partnership purposes, for which the defendants were all liable.

ID.—STATUTORY AND EXCLUSIVE PROCEEDINGS—LIMITED JURISDICTION.— The provisions of the Code of Civil Procedure relating to "Proceedings against joint debtors," (secs. 989-994), are statutory and exclusive, and by their terms limit the jurisdiction which

the court can acquire over a joint debtor not served, after a judgment against other joint debtors, and the only purpose for which he could be brought in by summons or voluntarily appear, is to show cause why he should not be bound to the same extent as his co-obligors by the judgment already entered against them.

ID.—PLEADINGS—ACTION UPON JUDGMENT—AMENDMENT NOT PERMISSIBLE—DEFENSES.—The proceeding against a joint obligor not served, after judgment against others, is in the nature of an action upon a judgment, in which the pleading upon which the judgment rests cannot be amended; and the only purpose of the complaint under such proceedings is to disclose the obligation upon which the judgment was rendered; and the statute limits the defenses to two,—either a denial of the judgment, or a denial of the obligation.

ID.—EFFECT OF STIPULATION.—A stipulation that an amendment might be made at any time before the cause was set for trial, subject to any legal objections, does not cover an amendment not tendered until after the cause was set for trial.

ID.—SEPARATE JUDGMENT NOT PERMISSIBLE.—A separate judgment against the joint debtor appearing after judgment for a larger amount than the judgment already rendered is not permissible; and the only judgment which could be rendered against him was one for such amount as remained unsatisfied on the original judgment.

ID.—NEW TRIAL—FAILURE TO SERVE NOTICE OF SETTLEMENT OF STATEMENT—STIPULATION—WAIVER OF OBJECTION.—The objection that the party moving for a new trial failed to serve notice of the presentation of the proposed statement and amendments for settlement, is waived by a subsequent stipulation that the statement might be settled by the judge of another county, who tried the cause, at his convenience in the county of his residence, and that after settlement the motion for a new trial might be heard and determined there.

APPEAL from an order of the Superior Court of Ventura County granting a new trial. D. K. Trask, Judge presiding.

The facts are stated in the opinion of the court.

Will D. Gould, and Orestes Orr, for Appellants.

E. Edgar Galbreth, and D. Allen, for George B. Patton, Respondent.

LORIGAN, J.—On October 2, 1896, an action was brought on a promissory note for twelve thousand dollars, purporting to be jointly executed by J. D. Burch, J. R. Boal, and

the appellant G. B. Patton, by J. R. Boal, his attorney in fact. Summons was served on Burch and Boal, who made default, and on October 4, 1897, judgment was entered against them both for $25,244.67.

No service of summons was made on the appellant Patton, who was a resident of Kentucky, but on August 19, 1899, waiving the service required by sections 990 and 991 of the Code of Civil Procedure, he appeared in the action and answered the complaint, denying that Boal was ever authorized as, or constituted his attorney in fact to execute said note.

On April 5, 1900, plaintiff applied to the court for leave to file an amendment to the original complaint, which, over Patton's objection and exception reserved, was granted.

The amendment alleged that all of said defendants were partners; that said twelve thousand dollars was borrowed and applied for partnership purposes in discharging mortgage indebtedness, for which they were all liable as such partners.

The case was tried on the complaint as amended, findings filed, and a separate judgment rendered for plaintiff against defendant Patton for $34,359.20 and six hundred dollars counsel fees.

A motion for a new trial on all the statutory grounds was made and granted, and plaintiffs appeal. While the order granting the new trial is general, the particular grounds upon which the motion was granted were, that the lower court was satisfied error had been committed by it in allowing, over defendants' objection, the amendment of plaintiffs to the original complaint, and also in awarding a separate and distinct judgment against the defendant, instead of a judgment against him fixing his liability upon the original judgment.

The chapter of the Code of Civil Procedure on "Proceedings against joint debtors" (secs. 989-994) provides that, "When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, . . . those who were not originally served with the summons, . . . may be summoned to show cause why they should not be bound by the judgment in the same manner as though they had been

originally served with the summons." The party so brought
in may answer, "denying the judgment, or setting up any
defense which may have arisen subsequently; or he may
deny his liability on the obligation upon which the judgment
was recovered," but cannot plead the statute of limitations.
. . . Should he, "in his answer, deny the judgment, . . . the
summons, . . . and the answer, constitute the written alle-
gations in the case; if he deny his liability on the obligation
upon which the judgment was recovered, a copy of the origi-
nal complaint and judgment, . . . and the answer, consti-
tute such written allegations." If judgment is rendered
against him, "it must be for not exceeding the amount re-
maining unsatisfied on such original judgment, with interest
thereon."

It is apparent from the provisions of the chapter, that the
only jurisdiction which the court could acquire over the de-
fendant, and the only purpose for which he could be brought
in by summons after judgment, or voluntarily appear, as in
the case at bar, is to show cause why he should not be bound,
to the same extent as his co-obligors, by the judgment already
entered against them.

The entire method of procedure, including the "written
allegations," which shall constitute the pleadings, the de-
fenses permitted, the issues to be tried, and the nature of the
judgment to be entered, is clearly pointed out and prescribed.
As said in *Tay* v. *Hawley,* 39 Cal. 98, "Were it not for the
statute, no action could be maintained against him on the
contract, for the reason that it would become merged in
the first judgment; and the merger is restrained only for the
purpose and to the extent of enabling the proceedings to be
had, as prescribed in the statutes."

The mere fact that the defendant appeared voluntarily in
the action, did not give the court jurisdiction to open up the
original case upon which the judgment was rendered; to
set the entire matter at large, and permit an amendment to
a complaint which had become fixed by the judgment, and
upon which the judgment was based. The entire proceeding
is statutory and exclusive, and is in the nature of an action
upon a judgment, in which the pleadings upon which the judg-
ment rests cannot be amended. The only purpose of the com-

plaint, under these proceedings, is to disclose the obligation upon which the original judgment was rendered. The statute provides but two defenses which can be interposed—a denial of the judgment, or a denial of the obligation. Upon the first, the complaint serves no purpose whatever under the statute; under the second, it is pertinent only to show what was the nature of the obligation upon which the judgment was rendered. If an amendment to the original complaint were permitted, as in the case at bar, changing the cause of action from a suit upon a promissory note, upon which the judgment was rendered, to an action upon partnership indebtedness, upon which no judgment had been rendered, the sole and only defense permitted by the statute—to show non-liability "on the obligation upon which the judgment was recovered"—would never be available to a defendant; but, on the contrary, he would be required to interpose a defense not so accorded him, and show non-liability on a cause of action upon which no judgment was ever recovered.

And, while appearing solely under the statute to show cause why he should not be bound by an existing judgment on a joint obligation, to the same extent as his co-obligors, the effect of permitting such an amendment to a complaint as here involved, would be to defeat the only purpose the statute has in view, namely, to bind the defendant by the judgment already good as against his co-obligors.

This would follow because the latter, not having been brought in by process under the amended complaint (assuming it could be done), no judgment rendered on it could bind them, and a judgment solely against the defendant would not —as the statute provides—be binding him under the judgment already rendered, but by a separate and distinct judgment upon a different obligation. (*Waterman* v. *Lipman,* 67 Cal. 26.)

It will be further noticed, that the statute makes no provision for a demurrer, by the incoming defendant, to the original complaint. This is certainly a right which would have been accorded him, if an amendment were permitted, but it would properly be denied, if the complaint is to be given such stability as will prevent the judgment rendered under it from being disturbed. The defendant, too, is in express

terms denied the right to plead the statute of limitations.
This is perfectly proper, if the complaint is to remain intact
for all purposes, but no good reason could be suggested for
it, if it might be amended, because, as the amendment might
change the cause of action from a suit upon a written instru-
ment to one on parol contract, an opportunity would then,
for the first time, be open either to the defendant, or his co-
obligors, to avail themselves of the benefit of the statute.

It is claimed by plaintiffs that the amendment to the com-
plaint was made by stipulation. No such stipulation is shown.
The one relied on was, that an amendment might be made
"at any time before said cause is set for trial," subject to
any legal objections. The amendment was not tendered until
after the cause was set for trial, and the right to urge the
objection leveled against it, and overruled, was saved to the
respondent under the stipulation.

We are satisfied, that in proceedings under this chapter,
no amendment to the complaint, under which the original
judgment against the co-obligors was obtained, can be allowed,
and the court properly granted a new trial on that ground.

The separate judgment against the defendant Patton was
also erroneous. It, with the previous judgment, made two
judgments in the same action against persons jointly liable,
and the one against Patton was for a much larger sum than
that rendered against Burch and Boal. Under section 994,
the only judgment which could be rendered against Patton
was one for such an amount as remained unsatisfied on the
original judgment.

Appellants moved the lower court to dismiss the motion
for a new trial on the ground, that the respondent had failed
to serve any notice upon them that the proposed statement,
with the amendments of appellants thereto, would be pre-
sented for settlement. It is unnecessary to consider the legal
phase of this objection, because after the proposed statement
and amendments had been presented by the respondent to
the clerk of the court for the judge, a stipulation was entered
into between the parties which, in our opinion, forecloses dis-
cussion on the point. The case was tried in Ventura County
by a superior judge from Los Angeles County. The stipu-
lation provided, that the statement might be settled by him
at his convenience at Los Angeles, and after settlement, that

the motion for a new trial might be heard and determined there. We think, by this stipulation, the appellants waived the point they urge now.

We are satisfied that the order granting a new trial was properly made, and it is therefore affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.