[L. A. No. 1516.  Department One.—August 19, 1904.]

# GEORGE LE MESNAGER, Appellant, v. WILLIAM J. VARIEL, Trustee, Respondent.

ACTION BY TRUSTEE AGAINST EXECUTOR—MONEY DUE UNDER DECREE OF DISTRIBUTION—JURISDICTION OF SUPERIOR COURT—FINAL JUDGMENT. —An action brought against a surviving executor of the will of a deceased person to recover a sum of money due to a trustee for certain beneficiaries, under the terms of the decree of distribution of the estate, is authorized by the express provisions of section 1666 of the Code of Civil Procedure.  Where the amount sued for was sufficient, the superior court had jurisdiction of the subject-matter of the action; and where the defendant appeared and demurred to and answered the complaint, it had jurisdiction of his person, and a judgment rendered in that court in favor of the trustee, from which no appeal was taken, became final and conclusive as to any question of mere error.

ID.—ACTION TO SET ASIDE JUDGMENT—INSUFFICIENT COMPLAINT.—A complaint in an action to set aside such judgment, which contains no allegation of fraud, accident, or mistake in the obtaining of the judgment, and which seeks merely to assail the complaint in the original action as not being sufficient to sustain the judgment, does not show any ground for relief in equity against the judgment.

ID.—JURISDICTION TO DECIDE—SUFFICIENCY OF COMPLAINT IN ORIGINAL ACTION.—One who has appeared and defended an original action can never maintain a separate action for the mere purpose of reversing the rulings of the court in the original action upon any question which it had jurisdiction to decide; and it having had jurisdiction to determine the question of the sufficiency of the complaint in the original action raised by the demurrer thereto, if it determined it erroneously, the only remedy was by appeal from the judgment, and that question cannot be raised in an action to set aside the judgment.

ID.—RELIEF IN EQUITY—INDIRECT ATTACK UPON JUDGMENT.—An action for relief in equity is not a direct attack upon the judgment in the same sense as an appeal therefrom.  Though the attack in equity, if sufficient, is not collateral, it is indirect, in the sense that the legal validity of the judgment is admitted, and the issue to be tried is whether the plaintiff is entitled to have the court of equity interpose in his behalf.

APPEAL from a judgment of the Superior Court of Los. Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Haas & Garrett, for Appellant.

Dunnigan & Dunnigan, for Respondent.

ANGELLOTTI, J.—This action was brought to obtain a decree vacating and setting aside a judgment theretofore obtained by the defendant against plaintiff for the sum of $4,298, and restraining defendant from enforcing said judgment. A general demurrer to the complaint was sustained, and, the plaintiff having declined to amend, judgment went for defendant. The plaintiff appeals from the judgment.

It appears from the complaint in this action that the plaintiff was the surviving executor of the will of Miguel Leonis, deceased, and that the original action was brought against him by the defendant herein to recover certain moneys that had constituted a part of the estate, claimed to be due him as a trustee for certain beneficiaries, from such executor, under the terms of the decree of distribution made in the matter of said estate. Such an action is authorized by express provision of statute (Code Civ. Proc., sec. 1666), and because of the amount sued for, such action could be maintained only in the superior court. The superior court, therefore, had jurisdiction of the subject-matter of the action.

It further appears from the complaint in this action that the plaintiff herein appeared in that action, demurring to the complaint therein upon the ground of insufficiency of facts, ambiguity, and uncertainty, and on the further ground that the cause of action therein attempted to be stated was barred by the statute of limitations, and, such demurrer having been overruled, answering such complaint. It thus appears that the superior court had, in that action, jurisdiction of the person of the plaintiff herein.

Judgment in that action was given in favor of this defendant after trial of the issues made. No appeal was taken therefrom, and such judgment has become final. The complaint in this action contained no allegation of fraud, accident, or mistake in the obtaining of the judgment in the ori-

ginal action, which would authorize the interposition of a court of equity, the contention of plaintiff herein being, apparently, that the allegations of the complaint herein show that the complaint in the original action did not state facts sufficient to constitute a cause of action, that, consequently, the court therein was not authorized to render the judgment against plaintiff, and that such judgment cannot stand against an action to vacate said judgment on that ground, which plaintiff styles a "direct attack upon such judgment."

The question as to whether the complaint in the original action stated facts sufficient to constitute a cause of action was one to be determined in that action. It was in fact presented by the demurrer to the complaint therein, and the court, by overruling such demurrer, determined the question against this plaintiff. The question as to the correctness of said ruling on demurrer could have been presented to this court in that action by an appeal taken by this plaintiff from the judgment entered against him, which would have clearly been a "direct attack" upon the judgment. But this plaintiff chose not to bring up such judgment by appeal for review, and allowed such judgment to become final. The rulings of the court in that action, whether upon issues of law or of fact involved therein, cannot be reviewed in another action. As said by Mr. Freeman, in speaking of the interposition of equity to relieve from judgments, "The adjudication of any question is always final, unless corrected by some appellate tribunal, and is never subject to re-examination in any other that an appellate court upon any issue of law or fact. . . . " (Freeman on Judgments, sec. 486.) In certain well-recognized cases, as where a party, without fault on his part, is prevented through fraud, accident, surprise, mistake, or the like from presenting his defense, appropriate relief may be had by an action on the equitable side of the court; but one who in fact appeared and defended against the original action can never maintain a separate action for the mere purpose of reviewing the rulings of the court having jurisdiction of the original action upon some question of law or fact concerning which such court had the power to decide. There must be an end to litigation, and the question as to the correctness of the rulings of the court upon matters within its jurisdiction are reviewable only by the appellate tribunal.

In the original action against plaintiff, the superior court had jurisdiction of the subject-matter of the action, even if it be assumed that the complaint therein failed to state facts sufficient to constitute a cause of action. "There can be no doubt that the filing of a petition or complaint, such as ought not be deemed sufficient upon demurrer, may confer jurisdiction. The power to decide upon the sufficiency of a cause of action as presented by the complainant's pleading, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected by some superior authority." (Freeman on Judgments, sec. 118.) In *Blondeau* v. *Snyder,* 95 Cal. 521, there was an appeal from an order striking out a portion of a judgment, making a defendant personally liable for the amount found due on a mortgage debt, upon the ground that the complaint did not state any facts showing a personal liability, and that the court was therefore without jurisdiction to adjudge such personal liability. In reversing the order striking out, this court said: "The judgment in this respect was within the relief demanded in the complaint, and specified in the summons, and the court had jurisdiction, and indeed was required, to determine in that action whether upon the facts alleged the plaintiff therein was entitled to the relief which he demanded in his complaint. The court undoubtedly committed an error in finding such personal liability, but its judgment was not for this reason void." In *Estate of James,* 99 Cal. 374,[1] where the question was as to whether a decree of divorce was valid, it was contended that it was not, for the reason that the complaint in such action did not state facts sufficient to entitle the plaintiff therein to a divorce. It was held that the judgment could not be successfully attacked in a collateral proceeding, because of an imperfect or defective complaint in the action in which it was rendered, and the court said: "If the facts stated in the complaint are not sufficient to entitle the plaintiff to the relief demanded therein and awarded by the judgment, the action of the court in deciding otherwise and rendering its judgment in accordance with the prayer of the complaint can be nothing more than error. The complaint in *James* v. *James* was sufficient to inform the court and the defendant therein of the relief which the plaintiff demanded,

[1] 37 Am. St. Rep. 60.

and of the facts upon which he based his right to the relief sought, and this was all that was necessary in the way of a statement of facts to give the court jurisdiction of the subject-matter of the action.'' (See, also, *Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672, 677.)

The decisions cited by counsel for appellant to sustain their contention that they may in this action raise the question as to the sufficiency of the statement of the cause of action in the original complaint, were all cases of appeal from the very judgment attacked. On such appeals mere errors of the trial court may of course be reviewed. The appeal is given for that purpose. The application of these decisions to the case at bar is not obvious. It is urged that an action in equity brought to vacate and set aside a judgment is, like an appeal, a ''direct attack'' upon the judgment. Whether it be a direct attack or not, it is certainly not such a direct attack as will warrant the assumption therein of a jurisdiction which belongs exclusively to the appellate court. But it appears that where such an action is brought, the attack upon the judgment in the original action is not a ''direct attack.'' It was said by this court in *Eichhoff* v. *Eichhoff*, 107 Cal. 42, 48,[1] which was an action to set aside a judgment: ''In fact, where an action is brought in a court of equity to set aside a judgment at law, the attack, although not collateral, is always indirect. (Freeman on Judgments, sec. 485.) The judgment is not under review, but an issue is being tried as to whether the plaintiff is entitled to have a court of equity interpose in his behalf. . . . It may be said that in such a case the legal validity of the judgment is admitted, and it is because of the validity, or apparent validity, that the plaintiff requires to be relieved from it.''

What has been said renders it unnecessary to discuss the question as to whether the complaint in the original action did state facts sufficient to constitute a cause of action.

The demurrer to the complaint was properly sustained, and the judgment is therefore affirmed.

Van Dyke, J., and Shaw, J., concurred.

[1] 48 Am. St. Rep. 110.