ANTONIO PORTELA, Plaintiff and Appellee, *v.* RAFAEL SALDAÑA, Defendant and Appellant, and PABLO VILELLA JR. and AUGUSTIN BALSEIRO, Defendants and Appellees.

No. 4452. Argued November 20, 1928.—Decided May 2, 1929.

J. *Valldejuli Rodríguez* for the appellant. *José Martínez Dávila* for the plaintiff-appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Rafael Saldaña, a joint debtor, was ordered to show cause why he should not be bound by a judgment rendered in an action on a promissory note, wherein he had not been summoned as a defendant, and appeals from an adverse judgment rendered in the proceeding, prescribed by sections 307 to 312 inclusive of the Code of Civil Procedure.

The statement of the case recites that, at the hearing on the order to show cause, counsel for Saldaña presented a motion alleging that the proceeding was void and contrary to law. The reasons assigned were that the summons served on Saldaña did not refer to the judgment, nor state that it was unsatisfied, nor specify the amount due thereon, and that defendant was not served with a copy of the affidavit, as required by section 309 of the Code of Civil Procedure. Counsel also submitted that the obligation described in the summons was not several as to Saldaña.

Saldaña then asked leave to introduce evidence for the purpose of showing that the marshal had not delivered to defendant all of the documents and certificates mentioned in the return (*del diligenciamiento*). The district judge said that he would not admit any evidence unless it was to show that the marshal's return was false, because the return was prima facie evidence of the facts stated therein; that as to

the effect (*a los efectos de*) of the marshal's return the court would not admit any evidence other than the return, without prejudice to any right of action that defendant might have against the marshal; but that what the court meant to say was that the return was the only prima facie evidence before the court (*la única garantía prima facie que tiene la corte*). Counsel replied that there was no question of falsity or of veracity as to the marshal, but that there might have been some mistake; that the documents mentioned in the return, although attached to the record, had not been filed in the secretary's office. The judge went on to say that as already pointed out the documents had been sewed to the record but showed no file mark. Counsel then offered to call the secretary in order to prove that the papers had not been filed. The court stated that if the contention of counsel was that the documents had not been filed because they bore no file mark, then the question was one of law and no evidence was necessary. Counsel then requested that the secretary be permitted to take the stand and the request was granted. The secretary then testified that the documents did not bear any file mark.

A denial of defendant's motion going to the validity of the proceeding is assigned as error. The record does not show that the motion was denied. The affidavit served upon defendant and the marshal's return of the said service indicate that the grounds specified in the motion were purely fictitious. The court below did not definitely refuse to admit evidence to contradict the return of the marshal. On the contrary, the incident above outlined as a whole points to the conclusion that if defendant had insisted upon introducing such evidence the court would have acceded to the request as it did when the offer to put the secretary on the stand was renewed. In any event, if the court below can be said to have refused to admit any evidence in support of defendant's motion, no exception was taken to such refusal. The absence of a file mark could not invalidate a service of the

proper papers already made by the marshal in the manner prescribed by the Code of Civil Procedure.

Saldaña also demurred to the complaint in the original action for want of facts sufficient to constitute a cause of action in that plaintiff did not allege delivery of the note. At the close of the incident already discussed counsel for plaintiff moved for a ruling to the effect that on an order to show cause why a joint debtor should not be bound by a judgment already rendered the defendant could not demur to the complaint upon which such judgment had been based. At the same time counsel stated that plaintiff was prepared to go on with the trial upon the merits and desired to present his evidence, without prejudice to any determination by the court as to the introduction of evidence by the defendant. The trial judge said that he thought the taking of evidence would be proper. Defendant excepted to the ruling of the court upon the ground that he had been summoned to show cause, not for a trial. Plaintiff then introduced his evidence.

Appellant now complains that the court below erred in overruling the demurrer, and in holding that a joint debtor could not be heard to demur in a proceeding of this kind. Manifestly the court below did not overrule the demurrer. Nor did the court definitely determine the first of the two questions submitted by counsel for plaintiff. *Cooper* v. *Burch,* 140 Cal. 548, is cited in the brief for appellee as announcing the rule in California. We are not referred to any authority in support of the contrary view.

If the demurrer had been sustained plaintiff would have had an opportunity to amend the complaint. The omission in the complaint was supplied by the evidence adduced at the hearing below. In the circumstances the complaint may be deemed to have been amended to conform to the evidence.

Other questions as developed in the brief for appellant do not demand serious consideration.

The judgment appealed from will be affirmed.