[L. A. No. 17766.   In Bank.   Feb. 19, 1942.]

A. M. KUPFER, Appellant, v. WILLIAM H. BRAWNER et al., Respondents.

Baldwin Robertson and Russell Breckenridge for Appellant.

Charles W. Fourl in pro. per. and Caryl Warner for Respondents.

SHENK, J.—The plaintiff appealed from a judgment for the defendants in an action to set aside a prior judgment rendered against the plaintiff in joint debtor proceedings taken pursuant to sections 989 *et seq.* of the Code of Civil Procedure.

The facts in this controversy are undisputed and present the question whether the trial court correctly concluded that

the judgment entered against the plaintiff in said joint debtor proceedings was valid and enforceable.

In April, 1934, Oil Tool Exchange, Inc., obtained a judgment against Katie M. Eustace in the sum of $6,284 for rental of certain oil drilling equipment. In the action in which that judgment was rendered A. M. Kupfer, the plaintiff herein and co-partner of Eustace, was also named as a defendant, but he was not served with summons. The action proceeded to judgment against Eustace alone. That judgment was assigned to Fourl, who assigned to Brawner. Subsequently joint debtor proceedings were commenced against Kupfer in which he appeared and interposed various defenses. Judgment was rendered against him on March 9, 1937, in the sum of $3,225. Kupfer did not appeal from that judgment and it became final. The present action to have said judgment set aside was commenced in January, 1939.

Section 989 of the Code of Civil Procedure provides: "When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in section 414 of this code, those who were not originally served with the summons, and did not appear in the action, may be summoned to appear before the court in which such judgment is entered to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with summons." After provision for the issuance and service of summons, it is provided in sections 992 and 993 of the Code of Civil Procedure that the defendant may answer and deny the judgment or set up any defense arising subsequently, or deny his liability on the obligation by reason of any defense existing at the commencement of the action in which the judgment was rendered. Section 994 provides that the issues may be tried as in other cases, but that if the defendant denies his liability on the obligation, any verdict against him must not exceed the amount remaining unsatisfied in the original judgment with interest.

There was no contention in the trial of the present action, and none is now made that the court in the joint debtor proceedings did not have jurisdiction of the parties, including the plaintiff herein as defendant, and of the subject matter. As the first ground of alleged invalidity of the prior judgment the plaintiff contends that the court based its judgment on a cause of action different from that on which the

judgment against Eustace was based, namely, on a cause of action for the reasonable rental value of the oil drilling equipment, rather than on the express contract rate of rental. The objection could appropriately have been made by the plaintiff on an appeal from the judgment entered against him. But he took no appeal therefrom. The objections that he now raises are such as must be deemed to have been adjudicated in the joint debtor proceedings. If there was any error in the judgment rendered in those proceedings, it was an error committed in the exercise of the court's jurisdiction, which could have been corrected only on an appeal from the judgment or other timely and direct attack thereon; but the judgment, having become final, is not subject to review in another action for error committed in the exercise of the court's jurisdiction. (*Gray* v. *Hall,* 203 Cal. 306 [265 Pac. 246]; *Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649, 670 [242 Pac. 725]; *Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535]; *Le Mesnager* v. *Variel,* 144 Cal. 463 [77 Pac. 988, 103 Am. St. Rep. 91]; *Crew* v. *Pratt,* 119 Cal. 139 [51 Pac. 38]; *Blondeau* v. *Snyder,* 95 Cal. 521 [31 Pac. 591]; *Crim* v. *Kessing,* 89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491]; *Estate of Gardiner,* 45 Cal. App. (2d) 559 [114 Pac. (2d) 643].)

In *Gray* v. *Hall, supra,* it was said at page 314: ''The court having acquired jurisdiction of the subject matter and of the parties, its judgment is not void for the mere erroneous decision on a question of law, however important that question may have been in contemplation of the rights of the parties in the original action. A judgment is never absolutely void if the court had jurisdiction of the subject matter and the person of the defendant no matter how erroneous it may be.'' It was also there recognized that the judgment is not necessarily vulnerable even though the error appears in the judgment roll.

''There must be an end to litigation, and the question as to the correctness of the rulings of the court upon matters within its jurisdiction are reviewable only by the appellate tribunal.'' (*Le Mesnager* v. *Variel, supra,* at p. 465.) ''In other words, it is not the result reached which determines whether the judgment is void, but the power or authority which we call jurisdiction and which lies behind the mere conclusion that determines the question.'' (*Crew* v. *Pratt, supra,* at p. 151.)

The plaintiff relies on cases where the question of the

"validity" of the judgment was being considered in connection with an appeal from the judgment, such as *Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827]; *Stearns Ranchos Co.* v. *McDowell,* 134 Cal. 562 [66 Pac. 724]; *Cooper* v. *Burch,* 140 Cal. 548 [74 Pac. 37]. None of these cases would justify a conclusion that the prior judgment must be declared void. (*Eichhoff* v. *Eichhoff,* 107 Cal. 42, 47 [40 Pac. 24, 48 Am. St. Rep. 110]; *Le Mesnager* v. *Variel, supra,* at p. 467.)

The case of *Texas Co.* v. *Bank of America,* 5 Cal. (2d) 35 [53 Pac. (2d) 127], does not aid the plaintiff. That decision recognizes that a judgment void on its face, "is simply a nullity and can be neither a basis nor evidence of any right whatever." In that case the court was considering the effect of a lease entered into pursuant to purported authority under an order which had been annulled in a prior action. Nor is the case of *Mannix* v. *Superior Court,* 133 Cal. App. 740 [24 Pac. (2d) 507], of any assistance to the plaintiff. That case involved a proceeding in *certiorari* to review the superior court's judgment for the plaintiff in an action originally brought in the justice's court. ■ While *certiorari* is a direct attack (*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, 185 [149 Pac. 35]), it does not serve as a review of error committed in the exercise of jurisdiction, but opens to investigation only the evidence bearing on the fact of jurisdiction.

■ The court in the joint debtor proceedings had jurisdiction to try the issue of Kupfer's liability on the judgment and in the absence of any showing of fraud or mistake and none is here made, its determination thereon to the extent noted is conclusive in this action.

By second and third causes of action the plaintiff alleged facts purporting to show payment in full and discharge of the former judgment prior to the joint debtor proceedings, and that if he was liable on said judgment it was for contribution only. The plaintiff's claim in this respect is that Fourl, as assignee of the judgment creditor, was in fact acting for Eustace and that Brawner was a dummy for Fourl, and the sum paid by Fourl as the purported purchase price of the judgment therefore constituted a satisfaction of the judgment.

Those defenses were within the issue of liability and were either interposed or were available to Kupfer in the joint debtor proceedings. They were also tried in the present action and on sufficient evidence the court found that Fourl pur-

chased the judgment with his own funds and on his own behalf. The record supports the findings and judgment.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred.