[Civ. No. 25240. Second Dist., Div. Two. Nov. 30, 1961.]

EDWARD J. PRESTON, Plaintiff and Appellant, v. WYOMING PACIFIC OIL COMPANY, Defendant and Respondent.

520

Milo V. Olson for Plaintiff and Appellant.

Henry C. Clausen, Sheldon C. St. Clair and Clausen & St. Clair for Defendant and Respondent.

HERNDON, J.—By this suit in equity, plaintiff seeks to set aside a default judgment in the amount of $6,185,000 which defendant recovered against him in a former action. On July 7, 1960, the trial court sustained a demurrer to plaintiff's second amended complaint without leave to amend, and on July 21, 1960, entered the judgment of dismissal from which plaintiff takes this appeal.

The complaint in the former action was filed December 15, 1952, and on February 3, 1955, copies of the summons and complaint were personally served on Preston, the plaintiff and appellant herein. He failed to appear within the prescribed time and his default was duly entered on March 15, 1955. A judgment by the court after default was signed and filed on November 19, 1957. It is this judgment which appellant seeks to set aside.

Appellant has made three previous unsuccessful attempts to have said default judgment set aside by motions made in the former action. The orders denying appellant's prior motions to set aside the judgment were affirmed by Division One of this court in *Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal.App.2d 735 [341 P.2d 732]. Appellant's petition for a rehearing was denied and the Supreme Court denied his petition for a hearing in that court. On September 4, 1959, the Supreme Court denied his request for a reconsideration of his petition for a hearing.

Both parties urge us to take judicial notice of all the records, files and proceedings in the former action, both in the trial court and in this court, including the briefs filed on said former appeal and the decision of this court above cited. Since it appears that the parties, subject matter, and facts here presented are the same as those involved in said former proceedings and considered on said former appeal, we may properly take judicial notice thereof. (*Flores* v. *Arroyo,* 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263]; *Hammell* v. *Britton,* 19 Cal.2d 72, 75 [119 P.2d 333]; *Calhoun* v. *Calhoun,* 81 Cal.App.2d 297, 302 [183 P.2d 992]; 18 Cal.Jur.2d 472, 473.)

On March 31, 1958, appellant filed his special appearance in the former action and moved to set aside the default and judgment upon the ground that the judgment was void in that the court acquired no jurisdiction of the person of appellant for the reason that no copy of the summons was served upon him. As stated in *Wyoming Pacific Oil Co.* v. *Preston, supra,* 171 Cal.App.2d 735, 739, 740, "[t]he motion last referred to was placed on calendar and was heard on April 28, 29 and 30, 1958, before Judge Emil Gumpert, who listened to the testimony of nine witnesses and to the arguments of counsel, and then determined, in effect, that the defendant's contentions were false, and stated at the end of the hearing: 'I am completely satisfied, gentlemen, that the moving party has not met the burden of proof. As I indicated yesterday, I am convinced almost to the point of demonstration that the summons was attached, and that summons was served, . . .' The motion was denied. . . ."

At the conclusion of the hearing before Judge Gumpert, appellant made an oral motion to vacate the judgment upon several grounds. It appears that these grounds were rested upon substantially the same alleged facts as those set forth

in appellant's second amended complaint herein. Indeed, in his opening brief on this appeal, appellant says that his oral motion was made ''upon the grounds, most of which are set forth in Preston's complaint in equity.'' With reference to said motion, and the disposition thereof, appellant's second amended complaint herein alleges as follows:

''During the course of the hearing on the special appearance motion, Preston and his present attorney realized that there was no merit to the contention that no summons had been attached to the copy of the complaint that had been served, with the result that his attorney refused to argue and press that matter upon submission, but immediately after the Superior Court in said action had made its order denying said special appearance motion to vacate and set aside the default judgment, Preston made an oral motion to vacate the judgment upon the grounds that the judgment was obtained as a result of fraud or imposition upon the court by Wyoming Pacific; that the judgment was void because the judgment exceeded the demand contained in the prayer of the complaint; that no accounting was in fact had; that the complaint was amended in matters of substance after the default of Preston had been entered; and, as a matter of law, the default was therefore opened; and as the complaint as changed or amended had not been served on Preston, the court had no jurisdiction or right to enter a judgment against Preston; that the copy of the complaint as on file upon which the judgment was entered had never been served on Preston; that Wyoming Pacific had waived any right to relief on the complaint because of alterations made on the complaint; and that because of the criminal nature of said acts, as a matter of public policy, Wyoming Pacific was not entitled to any relief thereon; that the delay and negligence was not truly that of Preston but that of his attorney, William J. Hyland, III; and further, that Preston had a good and meritorious defense to the action on its merits. This oral motion was denied by Honorable Emil Gumpert, Judge of the above court, *without prejudice*, so that Preston might formalize said motion in written form. Notwithstanding the rule [*sic*] so made that said motion was denied without prejudice so that Preston could file a written notice of motion urging the same grounds, after such written notice of motion was filed, in defense thereto, at the time of the trial and on the appeal, defendant Wyoming Pacific urged that said matters had already been ruled on and determined by Judge Gumpert and in substance that plea by defendant

Wyoming Pacific was sustained. Preston has never had a real determination on the merits of said grounds to vacate said judgment. By reason thereof, defendant Wyoming Pacific in this action is estopped by its former plea from now urging or contending that all of said matters have already been determined.''

On May 9, 1958, appellant filed a notice of motion to vacate the default judgment and the default. The grounds therein relied upon are stated in *Wyoming Pacific Oil Co.* v. *Preston, supra,* at pages 740 and 741. It appears from the record and is conceded that the grounds urged in support of appellant's third motion to set aside the judgment were essentially the same as those advanced in support of his oral motion before Judge Gumpert as recited above and were rested upon the same facts as those now alleged in the present suit. Appellant's notice of motion contained the following statement:

''The foregoing Motions and Special Appearance will be made upon this written Notice of Motion, upon the Affidavit attached hereto, upon the files and records of this action, upon the transcript of the testimony of Ellis D. Reiter, Esq. in this action given on April 28, 1958 in Department 36 of this Court, upon the testimony of Mrs. Charles A. Mau, President and owner of the controlling interest of plaintiff given on April 29, 1958 in Department 36 of this Court, and upon the Points and Authorities filed herewith.''

The quoted statement from the notice of motion indicates appellant's reliance upon oral testimony taken in the previous hearing before Judge Gumpert. This third motion was heard on May 16, 1958, before the Honorable Kurtz Kauffman. It appears that Judge Kauffman not only received the conflicting affidavits, and other evidence offered by the parties, but that he also made an order incorporating into the record the reporter's transcript which contained all of the oral testimony given and the proceedings taken in the previous hearing before Judge Gumpert. This, of course, included all of the testimony to which appellant referred in his notice of motion. Appellant makes no contention that Judge Kauffman refused to receive any evidence offered by him in support of his motion. An order denying the motion was entered on June 4, 1958. As we have stated, this order and the previous orders of Judge Gumpert were affirmed by Division One of this court in the decision to which we have referred.

Under the circumstances of this case, the trial court in

ruling on the demurrer was entitled to take judicial notice of the proceedings in the former action and on the former appeal, because (1) said second amended complaint averred at considerable length facts which fully disclosed the nature, substance and disposition of said former proceedings; (2) both parties invited the trial court (as they have urged this court) to take judicial notice of said former proceedings by their detailed references thereto in the pleadings and memoranda of law which they filed below; and (3) the full and comprehensive treatment which the reviewing court accorded to the merits of each and every ground upon which appellant sought to set aside the judgment by his several motions facilitates the taking of judicial notice and reveals that the interests of justice would be served thereby. (*Flores* v. *Arroyo, supra,* 56 Cal.2d 492, 496-497; *Hammell* v. *Britton, supra,* 19 Cal.2d 72, 75; and see *Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 710-711 [134 P.2d 800].)

When judicial notice is taken of said former proceedings, it is at once manifest that appellant's present suit in equity is barred by application of the doctrine of res judicata. Appellant now concedes that his first motion to set aside the judgment was wholly without merit and that Judge Gumpert's order denying it was properly affirmed. For the purposes of this appeal, we shall assume: (1) the correctness of appellant's allegation that Judge Gumpert denied his oral motion without prejudice, and (2) that the order denying said oral motion does not operate as a bar to the present action.

The opinion in *Wyoming Pacific Oil Co.* v. *Preston, supra,* and the records in the former action clearly and conclusively show: (1) that appellant's third motion to set aside the judgment presented the same issues and the same grounds which he now seeks to relitigate in the present suit; (2) that Judge Kauffman denied said motion on its merits after a full hearing and after receiving all of the evidence offered by appellant, including the transcript of the oral testimony taken in the three-day hearing before Judge Gumpert; (3) that the reviewing court, in its opinion affirming Judge Kauffman's order, considered and discussed the merits of each and every ground upon which appellant had sought relief, and stated the rules of law with citation of controlling precedents, leading to the conclusion that the trial judge had decided the issue correctly, and (4) that the parties to the

former proceedings are identically the same as the parties to the present action.

It would unduly and unnecessarily lengthen this opinion to quote herein all of the pertinent language of the former opinion. The concluding paragraph thereof (171 Cal.App.2d at p. 750) fittingly summarizes the situation presented by the record:

"In our opinion the appellant has not shown that any of the trial judges having to do with this cause was arbitrary or capricious in any respect. No deceit was practiced upon the appellant by the plaintiff or any of its attorneys; no one associated or concerned with the plaintiff lulled the appellant into any false sense of security; there was no concealment upon the part of the plaintiff or any one of its attorneys. The appellant defaulted and a judgment was secured against him. Under the circumstances he is not entitled to have the default or the judgment set aside."

Thus, it plainly appears that appellant proceeds upon a completely false premise when he seeks to avoid the doctrine of res judicata by erroneously asserting that the former adverse adjudications were made upon jurisdictional or procedural grounds rather than upon the merits. For the same reason, he misplaces his reliance upon *Lake* v. *Bonynge,* 161 Cal. 120 [118 P. 535] ; *Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201 [92 P. 184] and *Sternbeck* v. *Buck,* 148 Cal.App. 2d 829 [307 P.2d 970].

Directly in point here is the very recent opinion of Mr. Justice Draper in *Darlington* v. *Basalt Rock Co.,* 188 Cal. App.2d 706 [10 Cal.Rptr. 556]. In that case, plaintiff brought a suit in equity to set aside an order approving a compromise of a minor's claim for damages arising out of an automobile collision. As in the instant case, plaintiff alleged fraud and mistake. It appeared that the same grounds previously had been urged by the plaintiff in support of a motion to vacate the order, and that the prior motion had been denied after a hearing on the merits. An appeal was taken from the order denying the motion to vacate. Proceedings in the suit in equity were stayed pending decision on the appeal. The order refusing to set aside the compromise was affirmed.

When the decision affirming the former order had become final, defendants moved to dismiss the suit in equity. That motion was granted and plaintiff appealed. After discussing and distinguishing the cases relied upon by plaintiff, including *Lake* v. *Bonynge, supra,* 161 Cal. 120 and *Sternbeck* v. *Buck,*

*supra,* 148 Cal.App.2d 829, relied upon by appellant here, the reviewing court sustained defendants' position that the suit in equity was barred by the former adjudication on the motion. The following quotations from the opinion disclose the essential holdings of the court (p. 707) :

"Identity of issues on the motion and in this action is plain. Plaintiff relied upon the same charges of fraud and mistake in his motion to set aside the judgment as he now asserts in this independent action in equity. It is also plain that no facts are now alleged which were not raised in the hearing on his motion. The memorandum opinion of the trial court makes plain that it was this identity of issues and facts which impelled its determination that the present action is barred by the decision on the motion. . . . (P. 710.) We do hold that detailed presentation of the issues of fraud and mistake on a motion to vacate, with full opportunity at hearing to develop the issues by oral testimony, may bar a subsequent action to set aside the order attacked by the earlier motion."

It is clear from the record that appellant's motions to set aside the judgment were not designed or intended merely to invoke the powers of the court under section 473 of the Code of Civil Procedure. In his notice of motion filed in the former action on May 9, 1958, as above recited, we find the following statement:

"This application is made not only in accordance with the provisions of *California Code of Civil Procedure,* § 473, but also upon the ground that the Court had no jurisdiction over the person of the defendant, and that the judgment was void and subject to direct attack because it was obtained by extrinsic fraud, and also that said judgment is wholly void and subject to collateral attack, and further, that said judgment in any event was taken against the defendant Preston through his mistake, inadvertence, surprise or excusable neglect."

Thus, appellant obviously sought to invoke the general equitable jurisdiction of the court which exists independent of statute. ▮▮▮ It is now well settled in California that one who seeks relief from a judgment against him on the ground that he was deprived of a fair trial through extrinsic factors has a choice of remedies. He may either bring an independent suit in equity, or he may invoke the equitable jurisdiction of the court by means of a motion addressed to the court that rendered the judgment. This subject was fully

discussed in the leading case of *Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]. The following language from that decision is quoted with approval in *Evry* v. *Tremble*, 154 Cal.App.2d 444, 448 [316 P.2d 49] :

"One who has been prevented by *extrinsic* factors from presenting his case to the court may bring an independent action in equity to secure relief from the judgment entered against him. . . . Where the court that rendered the judgment possesses a general jurisdiction in law and in equity, *the jurisdiction of equity may be invoked by means of a motion addressed to that court.*" (Emphasis added.) The power of the superior court to grant appropriate equitable relief pursuant to the motion of the aggrieved party in a case of this kind was reaffirmed in the recent decision in *Davis* v. *Davis*, 185 Cal.App.2d 788, 791-792 [8 Cal.Rptr. 874].

In the case at bar, appellant chose to invoke the equitable jurisdiction of the court by his several motions. These motions were denied by the trial court after hearings in which much oral testimony and other evidence was received and considered. Appellant does not claim that he was denied the opportunity fully to present his evidence in support of his motions. The substantial identity of the issues presented by the motion heard by Judge Kauffman and by the suit in equity is plain and is conceded. The decision on the former appeal shows on its face that all of those issues were considered on their merits and decided adversely to appellant.

All the facts were available to appellant when he made his motions to set aside the judgment. And, since it is clear from the authorities above cited that the court which rendered the default judgment had plenary power on motion to grant appellant all the relief from the judgment to which he was lawfully and equitably entitled, the law as stated in *Estate of Bialy*, 169 Cal.App.2d 479, 490 [337 P.2d 511], is applicable :

"The principle of res judicata precludes parties or their privies from relitigating an issue that has been finally determined by a court of competent jurisdiction. It rests upon the sound public policy that there must be an end of litigation and accordingly, persons who have had one fair trial on an issue may not again have it adjudicated. The application of the principle in a given case depends upon affirmative answers to three questions: (1) Was the issue decided in the prior adjudication identical with the one

presented in the subsequent litigation?; (2) Was there a final judgment on the merits?; and (3) Was the party against whom the principle is invoked a party or in privity with a party to the prior adjudication? (*Dillard* v. *McKnight*, 34 Cal.2d 209, 213-214 [209 P.2d 387, 11 A.L.R.2d 835].)'' The record in the instant case clearly requires affirmative answers to the three questions stated.

We find no semblance of merit in appellant's contention that respondent is estopped to invoke the doctrine of res judicata on the basis of the former adjudications of his motions and the decision of this court on his former appeal. In his opening brief, appellant's counsel expressly acknowledges his awareness ''that the plea of estoppel here made may be somewhat novel.'' The asserted basis for the claimed estoppel is that respondent successfully urged, in the former proceedings and on the former appeal, that appellant's attack on the judgment was collateral, and that matter constituting intrinsic fraud or mistake could be asserted only by way of direct attack. He argues that his former motions seeking to invoke the powers of the court under section 473 of the Code of Civil Procedure were timely, that they constituted direct attacks, and that respondent's arguments induced the trial judges and the reviewing court to make erroneous holdings which operated to deprive him of an adjudication on the merits of the several grounds upon which he sought relief.

In the first place, as we have already shown, the decision on appellant's former appeal did not stop with a holding that relief may not be granted under section 473, Code of Civil Procedure, after the expiration of six months from the date of entry of default. Recognizing that appellant was seeking to invoke the general equitable jurisdiction of the court, the decision went on to consider and adjudicate the *merits* of every ground of relief urged.

In the second place, it is futile for appellant now to seek a further review of matters previously adjudicated on the theory that the former adjudications were erroneous. (*Kupfer* v. *Brawner*, 19 Cal.2d 562, 564 [122 P.2d 268] ; *Gray* v. *Hall*, 203 Cal. 306, 314 [265 P. 246].) When the Supreme Court denied his petition for a hearing, the orders of the trial court, and the decision of this court affirming them became final.

In the third place, appellant cannot avoid the application of the well-established rules of law stated as follows in *Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105] : ''The final judgment of a court having jurisdiction over

persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. (*United States* v. *Throckmorton,* 98 U. S. 61 [25 L.Ed. 93] ; *In re Griffith,* 84 Cal. 107 [23 P. 528, 24 P. 381] ; *Pico* v. *Cohn,* 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336] ; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564].)
▮ Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. (*Caldwell* v. *Taylor,* 218 Cal. 471 [23 P.2d 758, 88 A. L. R. 1194] ; *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am. St. Rep. 117] ; *Bacon* v. *Bacon,* 150 Cal. 477 [89 P. 317] ; *Sohler* v. *Sohler,* 135 Cal. 323 [67 P. 282, 87 Am. St. Rep. 98]. See 23 Cal. L. Rev. 80; 9 Cal. L. Rev. 156.) If an unsuccessful party to an action has been kept in ignorance thereof (*Purinton* v. *Dyson,* 8 Cal.2d 322 [65 P.2d 777, 113 A. L. R. 1230] ; *Zaremba* v. *Woods,* 17 Cal.App.2d 309 [61 P.2d 976]) or has been prevented from fully participating therein (*Caldwell* v. *Taylor, supra*), there has been no true adversary proceeding, and the judgment is open to attack at any time. ▮ A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. (*Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am. St. Rep. 117] ; *Abels* v. *Frey,* 126 Cal.App. 48 [14 P.2d 594] ; *Langdon* v. *Blackburn,* 109 Cal. 19 [41 P. 814].) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (*Langdon* v. *Blackburn,* 109 Cal. 19 [41 P. 814] ; *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am. St. Rep. 117] ; see *Eichhoff* v. *Eichhoff,* 107 Cal. 42, 48 [40 P. 24, 48 Am. St. Rep. 110].) ''

Appellant does not now deny the previously adjudicated fact that he was duly served with summons in the former action ; neither does he allege that anything done by his adversary prevented him from appearing in the former action or from participating fully therein. He now alleges that he failed to appear in the former action because of the negligence, ignorance, incompetence and false statements of Hyland, the attorney who then represented him.

It is well settled law that appellant's complaints against his counsel furnish him with no valid ground upon which to attack the judgment.　　　　In *Eistrat* v. *Brush Industrial Lbr. Co.*, 147 Cal.App.2d 628, 630 [305 P.2d 715], this court quoted with approval the following language from *Greenwood* v. *Greenwood*, 112 Cal.App. 691, 696 [297 P. 589] : "Equity will not grant relief against a judgment at law, where such judgment was obtained in consequence of the neglect, inattention, mistake, or incompetency of the attorney, unless caused by the opposite party." Nothing is alleged here to bring this case within the stated exception to the foregoing rule.

In *Eistrat* v. *Brush Industrial Lbr. Co.*, *supra*, the plaintiff brought an action to recover damages and also to vacate a judgment which previously had been rendered against him. He alleged the failure of his attorney to offer available items of evidence in the trial of the former action, and asserted that the prior judgment was the result of extrinsic fraud and mistake. The trial court sustained a demurrer to plaintiff's amended complaint without leave to amend and entered a judgment dismissing the action. In an opinion affirming the judgment of dismissal, this court quoted from *Westphal* v. *Westphal*, *supra*, and then stated : "Measured by these principles, it is clear that plaintiff has not alleged facts entitling him to have the prior judgment vacated. There is no showing of extrinsic fraud or mistake within the definition of those terms by our courts. [Citations.]"

In *Julien* v. *West*, 96 Cal.App. 558 [274 P. 421], a judgment had been entered against the plaintiff and appellant in the municipal court of Los Angeles in an action wherein he was named defendant. Thereafter, he brought suit in the superior court, asking that the equity powers of that tribunal be exercised to vacate and set aside said judgment on the ground that it had been fraudulently obtained. The superior court sustained a general demurrer to the complaint without leave to amend. Thereafter, a judgment of dismissal with prejudice was duly entered. In affirming said judgment this court declared (pp. 559-560) :

"The determination of the appeal needs no extended statement of fact or lengthy opinion. Appellant in his complaint alleges that in divers and various ways his own attorneys in such trial purposely and for their own advantage so conducted the case as to lose it, and that by reason of such corrupt practices there was no 'adversary trial,' and that thereafter they advised him in such manner as to deprive him of his

right of motion for new trial and appeal. There is no allegation connecting the plaintiff in the municipal court or his attorneys with his corrupt conduct. Appellant (plaintiff in the superior court) also alleges in the complaint that a writing, a principal item of evidence, and introduced by the plaintiff at the municipal court trial, was a forgery, and that appellant did not ascertain that fact until after the trial. Here again is presented the old subject of extrinsic fraud. Upon the reasoning and authority of *Pico* v. *Cohn,* 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 27 P. 537], and *United States* v. *Throckmorton,* 98 U. S. 61 [25 L.Ed. 93], the two beacon lights on this subject, we find no extrinsic fraud alleged in the complaint. Therefore, there was no cause of action stated, and as the allegations are full and purport to relate the whole of and all of plaintiff's cause of complaint, the ruling of the trial court and the judgment entered thereupon were proper.''

 Appellant, in the case at bar, argued on his former appeal from Judge Kauffman's order and again argues herein that respondent perpetrated a fraud on the court which rendered the default judgment by introducing into evidence a copy of a judgment in an action brought in the United States District Court in Salt Lake City, Utah, and by failing to introduce a copy of the findings of the federal court or a copy of the complaint in that action. The reviewing court on the former appeal held that this contention was untenable for the following valid reason, among others stated at greater length in the former opinion:

Assuming that there was a suppression of evidence, such suppression would constitute intrinsic fraud. (*Muller* v. *Muller,* 141 Cal.App.2d 722, 730 [297 P.2d 789].) ''Concealment by a party of evidence which, if disclosed, would tend to overthrow his case, is not extrinsic fraud and therefore is not ground for a suit to set aside a judgment.'' (*Pietro* v. *Pietro,* 147 Cal.App.2d 788, 791 [305 P.2d 916]; *Burch* v. *Hibernia Bank,* 146 Cal.App.2d 422, 432 [304 P.2d 212]; *Hogan* v. *Hogan,* 131 Cal.App.2d 281, 284 [280 P.2d 64].) ''[I]t is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had.'' (*Hogan* v. *Hogan, supra,* 131 Cal.App.2d 281, 284; see 171 Cal.App.2d at pp. 742 to 745.)

On the former appeal consideration was given to appellant's contention that the judgment for $6,185,000 should be set aside because it exceeded the relief demanded in the prayer of the complaint. After quoting the prayer, which included a prayer for an accounting, the reviewing court held that in view of the allegations of the complaint, an accounting was "clearly proper" and that appellant had failed to show any error therein. It was further held that even if error in the judgment had been shown, it would have been of no avail to appellant because "the judgment, having become final, is not subject to review in another action for error committed in the exercise of the court's jurisdiction." *Kupfer* v. *Brawner*, *supra*, 19 Cal.2d 562, 564; *Gray* v. *Hall*, *supra*, 203 Cal. 306, 314 and *Le Mesnager* v. *Variel*, 144 Cal. 463, 465 [77 P. 988, 103 Am. St. Rep. 91], are some of the numerous authorities which sustain the correctness of this latter holding. (See 171 Cal.App.2d at pp. 745 to 748.)

Appellant again contends that certain markings or notations written on the original complaint by the president of respondent corporation after the complaint had been filed and served constituted substantial amendments and operated to open the default. On the former appeal, this contention was rejected for several reasons. The court stated: "We have carefully perused the original file in this case and the marks and words referred to, and we think that such marks and such words were not in any sense amendments to the complaint." It was observed that there was evidence that the markings on the complaint were called to the attention of the trial judge and presumably he "determined that if they constituted amendments, they were not amendments of substance." The court further declared: "Moreover, the appellant has made no showing to the effect that he was in any wise prejudiced by any markings or writings upon the complaint." (See 171 Cal.App.2d at pp. 748 to 750.)

Appellant contended on his former appeal that his failure to appear or answer in the original action, and his long delay in moving to set aside his default therein, were chargeable to the negligence of his former attorney. This contention was rejected with a holding that the negligence of his own attorney did not entitle appellant to the equitable relief which he sought by his motion to vacate the judgment. We have heretofore shown that appellant's similar allegations in the present action with reference to the negligence and misconduct of his former

counsel state no ground entitling him to relief from the judgment.

Thus, it appears beyond reasonable debate that every issue presented by appellant in the instant action is res judicata by virtue of previous adjudication on the merits. Furthermore, the controlling decisions which we have cited and quoted herein make it clear that even if the action were not barred by the doctrine of res judicata, the result would be the same because appellant has alleged no facts which would constitute extrinsic fraud, accident or mistake, or which would entitle him to any relief in equity.

Appellant has cited the recent decisions in *Galper* v. *Galper*, 162 Cal.App.2d 391, 397 [328 P.2d 487], and *Turner* v. Allen, 189 Cal.App.2d 753 [11 Cal.Rptr. 630]. These cases presented factual situations so entirely different from those here presented that they are clearly distinguishable. In neither of them had there been any prior adjudication on the merits upon which to invoke the principles of res judicata and in the *Galper* case the order of the trial court *denying* a motion to set aside a default judgment was affirmed.

Appellant's pleadings herein and the records of the former action show that appellant's prior conduct in this litigation has not been such as to merit the approval of a court of equity. He affirmatively alleges in his second amended complaint that he gave false testimony in the hearing before Judge Gumpert when he testified positively, and without qualification, that no copy of the summons was attached to the complaint when it was served upon him. Appellant now alleges that in giving said false testimony, he was relying upon a false statement made by his attorney, Hyland, to the effect that no copy of the summons was attached to the copy of the complaint which appellant had turned over to his said attorney. In this connection appellant further alleges as follows:

"Hyland, to substantiate the claims that no summons was on the copy of the complaint that was served on Preston, showed Preston, and new attorneys then employed by Preston to represent him, a copy of a complaint that contained a blue back on which the verification of the plaintiff was conformed in pen and ink handwriting, and to which there was not attached any summons. Hyland then represented to Preston and to his attorneys, Frederic Sturdy, Esq. of the firm of Gibson, Dunn & Crutcher of Los Angeles, and to Milo V. Olson, Esq., that said document as exhibited was in that form when originally handed to him by Preston.

"Relying thereon, *Preston having no independent recollection respecting the form of the document served on him three years previously,* Preston then caused a special appearance motion to be filed in said oil case for the purpose of setting aside the judgment and the default, upon the specific ground that the Superior Court in said oil case had attained no jurisdiction over Preston on the basis that no copy of the summons had been served on Preston. In making said motion, Preston was relying on the representation and statement of Hyland that the copy of the complaint was in exactly the same condition as when Preston handed it to him in February, 1955, and in reliance thereon, Preston so testified on the special appearance motion that no summons was attached. Preston is informed and believes and upon such information and belief alleges, that Hyland had altered and changed the document handed to him by Preston in February, 1955, and in so doing removed the copy of the summons that was attached thereto and inserted a different back on that document, that is, a back different from the one that was attached thereto when the same was served on Preston. As a result of this conduct of Hyland, *Preston jeopardized his position in said Superior Court action and in effect caused his testimony to be unreliable,* and notwithstanding other meritorious motions that Preston made in said action, because the court found that there was in fact a summons attached to the complaint, no relief of any kind was given to Preston from said default and judgment in said oil case, and said judgment for $6,185,000.00 plus interest and costs, remains as a judgment against Preston. As a result thereof, if said judgment remains, Wyoming Pacific Oil Company will be unjustly enriched." (Emphasis added.)

It thus appears from appellant's own pleading that in his testimony in the hearing before Judge Gumpert he made an unqualified statement of that which he did not know to be true and of which he had no independent recollection. Penal Code, section 125, provides that "[a]n unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false." This matter assumes added significance in the light of the observation made in the opinion on the former appeal that "[a] reading of the record shows that Preston repeatedly contradicted himself, and Judge Gumpert could well have disbelieved defendant's testimony . . ." (171 Cal.App.2d at p. 742.) The only reasonable conclusion to be drawn from appellant's pleading,

as above quoted, is that the trial court was justified in finding his testimony *"unreliable."*

We find applicable here the rule stated in *Lynn* v. *Duckel,* 46 Cal.2d 845, 850 [299 P.2d 236]: "The rule is settled in California that whenever a party who, as actor, seeks to set judicial machinery in motion and obtain some remedy, has violated conscience, good faith or other equitable principle in his prior conduct, then the doors of the court will be shut against him *in limine*; the court will refuse to interfere on his behalf to acknowledge his right, or to afford him any remedy. [Citations.]"

The judgment under review is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied December 26, 1961, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1962. White, J., did not participate therein.