No. 14,315.

KANSAS CITY LIFE INSURANCE COMPANY *v.* LATHROP

(101 P. [2d] 29)

Decided March 25, 1940.

Messrs. GRANT, SHAFROTH & TOLL, Mr. DOUGLAS MC-HENDRIE, for plaintiff in error.

Mr. WILLIAM O. PERRY, Mr. SIDNEY P. GODSMAN, Mr. LENNART ERICKSON, for defendant in error.

*En Banc.*

MR. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

THE plaintiff in error insurance company, defendant below, was sued by Lathrop in the Denver district court on a life insurance policy issued December 22, 1926. The wife of Lathrop was named as beneficiary. Besides the ordinary death benefit, which is not here involved, there were other provisions, including one whereby the in-

surance company promised not only to pay Lathrop $50 a month from and after proof of loss in case he should lose the use of both hands, but also to waive future premiums. Sixteen days later, on January 7, 1927, Lathrop sustained such a loss of both hands, and proof of loss is alleged to have been made February 21, 1927.

The complaint, filed on January 7, 1933, exactly six years after the accident, alleges the issuance of the policy, the sustaining of the accident, and also "that on or before February 21, 1927, the defendant paid to the plaintiff $3500; that the defendant has refused to pay any further sums to the plaintiff under the provisions of the policy and has refused to recognize that said policy is in full force and effect." The prayer was "that judgment be entered against the defendant decreeing that they pay any sums now due under and by virtue of said policy to the plaintiff and that said policy be declared to be in full force and effect."

In its amended answer the defendant insurance company pleaded by way of affirmative defense the payment of the $3500 on or about February 21, 1927, in full settlement of its liability, and the execution on the same day by Lathrop and his wife of a receipt in full concellation and surrender of the policy releasing the company from all liability thereunder. It was further alleged that Lathrop simultaneously cancelled and the company tendered back, and Lathrop accepted, his unpaid promissory note for $165.10 given the company as payment of the first annual premium.

It is apparent by inspection of the complaint that the action as instituted is one at law for the recovery of money, and not in equity as contended by counsel for Lathrop in the lower court, which erroneously adopted the latter view. Therefore the case was one triable by jury. The company justly complains that its demand for a jury trial was erroneously refused.

Another error assigned is alleged to have occurred in connection with the exclusion of certain evi-

dence on cross-examination of Lathrop. Counsel for the company asked: "Now, Mr. Lathrop, at that time what did you understand this $3,500.00 was being paid to you for?" An objection by Lathrop's attorney was sustained. In the light of the direct examination, the question was proper cross-examination, and the ruling was prejudicial error, requiring reversal of the judgment.

Still other errors are assigned, but in view of the foregoing it will not be necessary to discuss them.

The case is remanded to the district court for a new trial in harmony with this opinion. Both parties are to be granted leave to make proper amendments in their pleadings as they may be advised, and either party will have the right to demand trial by jury.

Judgment reversed with directions.