No. 15,390.

LATHROP *v.* KANSAS CITY LIFE INSURANCE COMPANY.

(183 P. [2d] 992)

Decided June 30, 1947. Rehearing denied July 28, 1947.

Mr. BENJAMIN E. SWEET, Mr. WILLIAM O. PERRY, Mr. LENNART ERICKSON, for plaintiff in error.

Messrs. GRANT, SHAFROTH & TOLL, Mr. WILLIAM R. NEWCOMB, Miss RUTH GOTTLIEB, Mr. C. H. HAINES, JR., for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by an insured to recover on a feature of a life insurance policy issued and delivered to him by an insurance company. "Besides the ordinary death benefit, which is not here involved," as we said in an earlier review (*Kansas City Life Ins. Co. v. Lathrop*, 106 Colo. 87, 101 P. (2d) 29), "there were other provisions, including one whereby the insurance company promised not only to pay Lathrop [the insured] $50 a month [during his life] from and after proof of loss in case he

should lose the use of both hands, but also to waive future premiums." On the sixteenth day after the delivery of the policy, the insured "suffered the loss of the use of both hands," concerning which due proof was made within the required time. Following such proof, the company paid the insured the sum of $3,500, but, as insured in his complaint alleges, "has refused to pay any further sums * * * under the provisions of the policy and has refused to recognize that said policy is in full force and effect." The company admitted it had paid to the insured the sum stated, but in relation thereto it alleged that such payment was made pursuant to a compromise agreement between the company and insured. In reply, insured alleged that the "settlement" of the company's reliance, although in form a full discharge, nevertheless, was procured as the result of "false and fraudulent statements" of the company's representatives, who did "over-reach plaintiff and take an unjust and unconscionable advantage of plaintiff and when plaintiff's physical and mental condition was such that he did not know, nor could he realize, the purport or effect of his acts or what was said;" that perforce thereof, as was further replied, "any and all signatures upon any * * * papers or any purported consent to any agreement of any kind is void," etc. When both parties had rested, the court, proceeding on the motion of the insurance company to that end, instructed the jury to return a verdict in the company's favor, which was done. Consistent judgment of dismissal, and for costs, followed.

Since insured's pleadings are not questioned here, and withstood challenge of legal sufficiency below, whether the case should have been submitted to the jury is dependent on the evidence adduced in plaintiff's behalf. That the adequacy thereof might be examined in full light, we have been at pains to read the evidence at length, to consider it in detail, and to ponder its essentials. The evidence, in instances—and this observation

is applicable to that of both parties—is strikingly unusual, somewhat inconsistent, and not a little involved. Thus we generalize that, which counsel proceeding respectively have presented exhaustively, and with such force and logic, as properly may be added, that, were we a fact finding tribunal, perplexity would attend. But that is not of our duty. Facts are determinable at trial, not on review, and, when a jury is serving, as was the situation here, by that arm of the trial court. In this connection, as is worthy of mention, the jury was called at the instance of the insurance company, in the interest of which it successfully prosecuted the earlier writ of error. *Kansas City Life Ins. Co. v. Lathrop, supra.*

We do not pause to analyze the evidence, as to do so might lead us to be unmindful of the limitations which properly attend reviewing ministers of justice. Indeed, it might lead us into error, error not unlike that, which, as we are persuaded, led the learned trial judge to overemphasize the authority of his official position in a case where a jury, already empaneled, sworn and functioning, should have been permitted, as we are further convinced, to pass upon the complex factual situation obtaining therein. The foregoing thought is prompted not a little by what we regard as the inconsistency of counsel for the insured. While maintaining that the trial judge, proceeding at the behest of counsel for the insurance company, should not have taken the case from the jury, they, nevertheless, proceeding in like manner, and upon the same premise, urge us to "order judgment" in favor of their client. That, we think, would constitute even greater error. The "Cardinal's Hat" which counsel for the insured think the trial judge should doff, would illy become us, upon whom they would place it. "The case," as we are persuaded, and as counsel for the insurance company prevailed upon us to say in *Kansas City Life Ins. Co. v. Lathrop, supra,* "was one triable by a jury." Sobeit.

Let the judgment be reversed, and the cause remanded for retrial.

MR. JUSTICE JACKSON dissents.

MR. JUSTICE JACKSON dissenting.

I dissent for the same reasons given by the trial judge in his directions to the jury, and in his written opinion and judgment. I believe that this case, in respect to the execution of a general and unqualified release, also comes under the rule we have recently followed in *Goff v. Boma Investment Co.*, 116 Colo. 359, 181 P. (2d) 459.